Tianyu Ju, Esq.
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91721
Tel.: (312) 448-7772
Fax: (312)801-4587
Email: iris.ju@glacier.law
Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ASSESSORIES CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>AREX INDUSTRIES, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1) DECLARATORY JUDGEMENT OF NON INFRINGEMENT OF U.S. PATENT NO. D909,634;**<br>**2) CALIFORNIA UNFAIR COMPETITION [CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, 17500, 17535]**<br>**3) TRADE LIBEL**<br>**4) TORTIOUS INTERFERENCE CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE** |

COMPLAINT
1

NOW COMES Plaintiff Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. ("Plaintiff" or "Yuanzheng Auto"), with knowledge as to its own action and events, and upon information and belief as to other matters, and alleges as follows against Defendant Arex Industries, Inc. ("Defendant"):

## NATURE OF THE ACTION

1. This case is for unfair competition arising under federal patent laws 35 U.S.C § 1 et seq. for declaratory judgment of noninfringement, California Business and Profession Code §§ 17200, §§ 17500, §§ 17535, and common law trade libel and tortious interference with economic advantage.

2. Plaintiff seeks a declaratory judgment under the federal patent laws that Plaintiff do not infringe Defendant's U.S. Patent No. D909,634 (the "D'634 Patent"). *See* **Exhibit 1** for U.S. Patent No. D909,634.

3. Plaintiff also brings this action, in part, under California law against Defendant for illegal conduct, specifically targeting Plaintiff, arising from Defendant's acts of interference and unfair competition affecting the markets for car headlights ("Car Headlights Products"). As a result of Defendant's anticompetitive conduct, Plaintiff has sustained injury for which it seeks monetary damages and other appropriate relief to compensate Plaintiff for the harm it suffered and injunction relief to end Defendant's illegal conduct. Defendant's intentional conduct has resulted in tortious inference with, and disruption of, Plaintiff's business with the warehouses, and Plaintiff's prospective business relations with existing and potential customers. Defendant's unfounded claims of infringement have also resulted in increased costs and higher prices to Plaintiff, and has injured competition and consumers in California, and elsewhere, with attendant increased prices for the aforementioned products.

4. Plaintiff has had valuable business relationships with its business partners, who Plaintiff stored its products with their warehouses. Plaintiff, has had, during the period of this complaint, reasonable valuable expectations of actual and

prospective business relationships, both from existing and new customers. Defendant was aware or should be aware of the existence of those actual and prospective relationships. As a result of Defendant's intentional conduct, Plaintiff has sustained injury for which it seeks money damages, injunctive relief and other appropriate relief to compensate each Plaintiff for the harm suffered. Defendant has falsely informed Plaintiff's business partners that Plaintiff's Car Headlights Products are infringing the '634 Patent. Defendant has misled Plaintiff's business partners, that Defendant has exclusive patent rights which prohibit warehouses from distributing Plaintiff's Car Headlights Products, resulted customers were prohibited from buying Plaintiff's Car Headlights Products, when no such valid rights actually exist. Defendant's false and misleading demand letters have caused Plaintiff's business partners and others in the trade to believe that Plaintiff's Car Headlights Products are illegal, unlawful and that Plaintiff is engaged in unlawful conduct and, that Plaintiff is a dishonest and disreputable business. Defendant's statements are unfounded and not true.

5.   The conduct and acts of Defendant alleged herein have violated general principals of law and equity, constitute unfair competition under the laws of the State of California, and have damaged Plaintiff as set forth herein.

6.   As a result of the wrongful conduct and acts of the Defendant alleged herein, Defendant has been unjustly enriched.

7.   Upon information and belief, as a result of the false or misleading description of fact, or false or misleading representations of fact, Plaintiff's business partners have been confused and/or are likely to be confused. As a result of products withholding by Plaintiff's business partners due to Defendant's wrongful demand letter to desist, Plaintiff lost sales on Plaintiff's own relevant goods. In addition, the goodwill associated with Plaintiff's products has lessened, and is likely to be lessened.

8. As a direct and proximate result of the violations alleged herein, Plaintiff has been, and will continue to be immediately and irreparably injured in its business and property by Defendant's continuing violations. Plaintiff has urged Defendant to withdraw the demand to desist but no prevail. Plaintiff has no adequate remedy at law to compensate for such injury, and unless Defendant is retrained by an appropriate order of this Court, Plaintiff will continue to suffer an inability to compete fully and fairly in the market, loss of revenues, loss of profits Plaintiff would otherwise have made, loss of substantial goodwill and reputation normally attached to a profitable enterprise, and a reduction in the value of its business as a going concern.

9. As a direct and proximate result of the violations alleged herein and as intended by Defendant, Plaintiff has sustained injury to its business, respective business and property, as follows: (a) Plaintiff has incurred attorneys' fees in the defense of Defendant's baseless, exclusivity claims described above; (b) Plaintiff has lost and will lose profits in an amount as yet undetermined with certainty at present; (c) Plaintiff has suffered or will suffer a loss in the value of its business as a going concern; (d) Plaintiff has suffered or will suffer a substantial loss of goodwill normally attached to a profitable enterprise; and (e) Plaintiff has suffered a lost potential for growth.

10. Plaintiff cannot now measure these damages with specificity but estimate such amount to be in excess of One Million Dollars ($1,000,000.00).

## PARTIES

11. Plaintiff, Plaintiff Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. ("Plaintiff" or "Yuanzheng Auto"), is a company organized and existing under the laws of China, having its principal business of business in Wenzhou, China.

12. Plaintiff is a Chinese based manufacturer, online distributor and retailer of auto and motorcycle parts and accessories.

13. Upon information and belief, Defendant Arex Industries, Inc. is a corporation incorporated under the laws of the State of California, with its principal business and place of business at Irwindale,

14. Upon information and belief, Defendant is part of the motor vehicle parts manufacturing industry selling its goods to customers located in California and elsewhere in the United Sates.

15. Upon information and belief, Defendant conducts business throughout the United States, including within the State of California.

## JURISDICTION AND VENUE

16. Plaintiff brings this action, in part, under 28 U.S.C §§1331, 1332, and 1338, to obtain a declaratory judgment that Plaintiff is not infringing the '634 Patent.

17. Plaintiff also brings this action under the principal of pendent jurisdiction, to recover damages, costs of suit, and reasonable attorneys' fees, against Defendant for injuries sustained by Plaintiff as a result of Defendant's interference with Plaintiff's business relations, and for appropriate relief arising from Defendant's violation of California Business and Profession Code §§ 17200, §§ 17500, §§ 17535, and common law trade libel and tortious interference with economic advantage, as alleged herein.

18. This Court has original subject matter jurisdiction over the claims in this action under the patent laws of the United States under Title 28, United States Code §1338(a). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

19. The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and cost.

20. This Court has personal jurisdiction over Defendant by virtue of Defendant conducting business in this Judicial District and that the Defendant is

incorporated and headquartered in California. Defendant has also engaged in statutory violations within the State of California.

21. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 and §1400.

## FACTUAL BACKGROUND

22. Plaintiff manufactures and export to the United States vehicle and motorcycle parts and accessories, including Car Headlights Products. Plaintiff's Car Headlights Products are sold in the United States through e-commerce and retailers.

23. Specifically, Plaintiff sells a car headlight for Ford F150 2018-2020, namely "LED Projector Headlights," via e-commerce and online retailer such as Amazon.com marketplace (the "Plaintiff's LED Projector Headlights"). Plaintiff has established its products to the market and has an established reputation and quality reviews.

24. Defendant is direct competitor of Plaintiff.

25. Around October 2021, Plaintiff was informed by its business partners that demand letters titled "Demand to Cease and Desist Selling and/or Shipment of Infringing Products" ("Defendant's Demand to Cease and Desist") from Defendant was received by its business partners.

26. In Defendant's Demand to Cease and Desist, Defendant alleged that Plaintiff's LED Projector Headlights infringe Defendant's D'634 Patent and requested immediately cease and desist the sale, distribution, importation, and/or shipment of Plaintiff's LED Projector Headlights.

27. In particular, on or about October 27, 2021, one of the Plaintiff's Business Partners, US ELogistics Service Corp. ("Plaintiff's Business Partner Elogistics"), received the demand letter from Defendant demanding Plaintiff's Business Partner Elogistics immediately cease and desist the sale, distribution, importation, and/or shipment of Plaintiff's LED Projector Headlights and alleging

Plaintiff's LED Projector Headlights infringe Defendant's Patent, the D'634 Patent.

28. As a result of Defendant's Demand to Cease and Desist, Plaintiff's LED Projector Headlights have been withheld by Plaintiff's Business Partner Elogistics.

29. Other business partners of Plaintiff also received Defendant's Demand to Cease and Desist.

30. As a result, Plaintiff's business partners refused to ship Plaintiff's LED Projector Headlights to consumers or receive incoming products from Plaintiff.

31. Plaintiff's customers or prospective customers cannot purchase Plaintiff's LED Projector Headlights that had been withheld as a result of Defendant's Demand to Cease and Desist.

32. On or about December 29, 2021, Defendant provided an alleged infringing analysis comparing the '634 Patent and pictures of Plaintiff's Car Headlights Products.

33. On or about January 6, 2022, Plaintiff responded to Defendant's infringing analysis requesting Defendant to withdraw Defendant's Demand to Cease and Desist and clarify that Plaintiff's LED Projector Headlights do not infringe any Defendant's intellectual property right.

34. As of the date filling this action, Plaintiff has not received any Defendant's response.

35. As shown below, Plaintiff's LED Projector Headlights do not infringe Defendant's D'634 Patent.

///

///

///





36. As exemplified above, Defendant has spread knowingly false statements for the purpose of harming the Plaintiff. These statements include the per se falsehood that, as of the time such statements were made, Plaintiff's product infringed Defendant's D'634 Patent.

37. Defendant's continuous false, unfair, or otherwise unlawful tactics with the intention of harassing Plaintiff as well as its business partners and forcing Plaintiff to cease selling Plaintiff's Car Headlights Products have caused serious interference with Plaintiff's business operation and caused huge loss of profits to Plaintiff. Further, Plaintiff's goodwill and business reputation have also been negatively affected.

## INTERSTATE COMMERCE

38. Defendant's activities, including activities relating to its illegal, and unfair competition, are in the flow of and substantially affect interstate commerce.

39. Upon information and belief, Defendant ships its car headlight products across state lines. Defendant reaps substantial revenues from sales of such products, which are at issue in this Complaint, amounting to a significant dollar amount throughout the United States.

40. The actions taken by Defendant to wrongfully enforce of D'634 Patent was specifically intended to monopolize and restrain trade in the relevant markets. The threats of infringement also have created a substantial disruption among customers and consumers in the relevant markets.

41. Upon information and belief, Defendant knew its unlawful actions directed at Plaintiff, and the consuming public in California and elsewhere, were intended to extend the D'634 Patent scope beyond the legitimate coverage of the D'634 Patent to intimidate and harm competitors such as Plaintiff from competing in the relevant markets.

42. As a direct and proximate result of the violations alleged herein, Plaintiff has been, and will continue to be immediately and irreparably injured in

its business and property by Defendant's continuing wrongful conducts. Plaintiff has no adequate remedy at law to compensate for such injury, and unless Defendant is restrained by an appropriate order of this Court, Plaintiff will continue to suffer an inability to compete fully and fairly in the market, loss of its revenues, loss of profits it would other have made, loss of substantial goodwill and reputation normally attached to a profitable enterprise, and a reduction in the value of its business as a going concern.

43. Plaintiff cannot now measure the damages with specificity. When Plaintiff has sufficient information to permit it alleges with specificity the quantum of its damages, Plaintiff will ask leave of the Court to amend this Complaint to insert said sum herein.

44. Defendant's action in alleging infringement have placed Plaintiffs at reasonable apprehension of suit for infringement of the D'634 Patent.

45. Absent a declaration of rights by this Court, the assertions and threats by Defendant will subject Plaintiff to continuing uncertainty and damages to its business. To resolve the legal and factual questions raised by Plaintiffs and to afford relief from uncertainty and controversy which the assertions and threats by Defendant have precipitated, Plaintiff is entitled to a declaratory judgement of its rights under 28 U.S.C §§ 2201 and 2202.

## CLAIMS FOR RELIEF
## COUNT I
## DECLARATORY JUDGEMENT OF NONINFRINGEMENT OF THE D'634 PATENT

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47. Plaintiff's Car Headlights Products have been wrongfully accused by Defendant of infringing Defendant' D'634 Patent.

48. Plaintiff's Car Headlights Products do not infringe the '634 Patent.

49. As a result of Defendant's actions, statements, and the totality of circumstances detailed above, a controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Car Headlights Products infringe D'634 Patent owned by Defendant.

50. Therefore, Plaintiff is requesting the Court to grant the Plaintiff a judgement declaring that Plaintiff's Car Headlights Products are not infringing the D'634 Patent.

## COUNT II

## VIOLATION OF CALIFORNIA UNFAIR COMPEITTION LAW SECTION 17200 (CAL. BUS. PROF & CODE §17200, *et seq.*)

51. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

52. The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition", including any "unlawful, unfair and fraudulent business act or practice". Cal. Bus. & Prof. Code § 17200.

53. Defendant's actions set forth herein constitute intentional business acts and practices that are unlawful, unfair, and fraudulent, including Defendant's unreasonable demand, unreasonable cease-and-desist letters, and harassment to Plaintiff.

54. As demonstrated above, Defendant violated the Unfair Competition Law by sending false Defendant's Cease and Desist and engaging in disseminating misleading statements as to the alleged Plaintiff's infringement of Defendant's D'634 Patent to Plaintiff's business partners.

55. Defendant will continue to cause confusion, mistake, and deception as to Plaintiff's Car Headlight Products due to Defendant wrongfully accusing Plaintiff's infringement of Defendant's D'634 Patent.

56. Plaintiff directly competes with Defendant in the car headlights industry.

57. By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition. Defendant's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Plaintiff in that there is no adequate remedy at law to compel Defendant to cease such acts, and no way to determine its losses proximately caused by such acts of Defendant. Plaintiff is therefore entitled to a preliminary injunction against further unlawful, and unfair conduct by Defendant.

58. As a direct and proximate result of Defendant's acts of unfair competition, Defendant has wrongfully taken Plaintiff's profits and sales, as well as its substantial investment of time, energy and money. Defendant should therefore disgorge all profits from the above conduct and further should be ordered to perform full restitution to Plaintiff as a consequence of Defendant's unlawful, unfair, and fraudulent activities.

## COUNT III
## TRADE LIBEL

59. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

60. To prove trade libel under California common law, Plaintiff must show that (1) the accused party made a statement disparaging the claimant's product, (2) the disparaging statement was couched as fact and not opinion, (3) the statement was false, (4) the statement was made with malice, and (5) the statement caused monetary loss. *Optinrealbig.com LLC v. Ironport Sys., Inc.*, 323 F. Supp. 2d 1037, 1048 (C.D. Cal. 2004).

61. Defendant made a statement in Defendant's Cease and Desist alleging that Plaintiff's Car Headlights Products infringe Defendant's '634 Patent.

62. This statement was made with malice, and Defendant's sole purpose is to interfere with Plaintiff's normal business and force Plaintiff to cease selling

Plaintiff's Car Headlights Products, which directly compete with Defendant's Products.

63. On information and belief, Defendant willfully, and without justification, communicated to one or more of Plaintiff's business partners regarding false statement that Plaintiff's Car Headlights Products infringe the Defendant's '634 Patent.

64. On information and belief, these statements were reasonably understood by one or more of the persons to whom they were published to be statements of fact concerning Plaintiff, its business, and/or its products.

65. On information and belief, Defendant's statements disparaged the above described Plaintiff's product and commercial activities in that they falsely cast doubt on Plaintiff's rights to make, use, offer for sale, sell, and import its technology and/or products.

66. The statement was couched as fact since Defendant indicated Plaintiff's product was an infringement, and there are no words that indicate Defendant had an opinion of whether there was infringement. In the demand letter, Defendant plainly stated Plaintiff's product infringed its '634 patent.

67. The statement is false as Plaintiff's Products do not infringe the D'634 Patent.

68. On information and belief, Defendant made these false statements with malice and in bad faith because it made them with knowledge of their falsity or with reckless disregard for their truth or falsity.

69. As a proximate result Defendant's publication of statement, Plaintiff has suffered disruption to its business and financial loss because its business partners have refused to ship or distribute Plaintiff's products.

70. Plaintiff is thus entitled to recovery of damages for at least the damage to its business well as the loss of sales.

71.     Furthermore, on information and belief, Defendant's statements were motivated by an intent to damage Plaintiff amounting to malice on Defendant's part. This malice therefore justifies an award of exemplary and punitive damages.

### COUNT IV
### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

72.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

73.     Plaintiff has valuable prospective business relations with its business partners, and its customers in this Judicial District and throughout the country. Defendant knew or should have known these business relationships because Plaintiff and Defendant are in direct competition.

74.     There were existing business or economic relationships between Plaintiff and its business partners as well as certain customers, and these relationships were reasonably certain to produce future economic benefits to Plaintiff.

75.     On information and belief, Defendant knew or should have known of these relationships.

76.     On information and belief, Defendant intentionally and in bad faith committed wrongful acts designed to interfere with or disrupt these relationships. On information and belief, Defendant wrongfully and intentionally represented to such customers and warehouses that Plaintiff's Car Headlights Products infringe Defendant's '634 Patent.

77.     Defendant's conduct was wrongful for a number of reasons, including, but not limited to, the fact that it amounts to unfair, or anti-competitive business practices and trade libel.

78.     On information and belief, Defendant's wrongful acts caused disruption of the above-mentioned relationships

79. Plaintiff suffered damages caused by the disruption of the above-mentioned relationships.

80. Plaintiff is informed, and believes, and based thereon alleges that Defendant acted with fraud, malice, and oppression, such that an award of punitive damages is justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. The entry of Declaratory Judgement that Plaintiff does not infringe the '634 Patent.

B. An Order enjoining Defendant from engaging in the false and unlawful conduct described in this lawsuit;

C. Damages under the aforesaid cause of action in the form of actual, damages, and an award of enhanced or treble damages, in an amount to be determined at trial;

D. An Order requiring Defendant to pay both pre and post judgment interest on any amounts awarded to the extent allowed by law;

E. An award of reasonable attorney's fees and costs of suit incurred herein;

F. Any further relief as the Court deems appropriate.

Date: March 14, 2022

/s/ Tianyu Ju
**Tianyu Ju**
iris.ju@glacier.law
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91721
(312)448-7772
***Counsel for Plaintiff***

# DEMAND FOR JURT TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all issues so triable.

Date: March 14, 2022

/s/ Tianyu Ju

**Tianyu Ju**
iris.ju@glacier.law
Glacier Law LLP
9660 Flair Dr., Suite 328
El Monte, CA 91721
(312)448-7772
*Counsel for Plaintiff*