Alexander Chen [SBN 245798]
alexc@inhouseco.com
Katja M. Grosch [SBN 266935]
kmg@inhouseco.com
Theodore S. Lee [SBN 281475]
tlee@inhouseco.com
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone:  949-250-1555
Facsimile:   714-882-7770

*Attorneys for Defendant and Counterclaimant,*
*AREX INDUSTRIES, INC.*

Tianyu Ju [SBN 323817]
Iris.ju@glacier.law
Yu Hao Yao [SBN 344022]
mickey.yao@glacier.law
Tao Liu [PRO HAC VICE]
tao.liu@glacier.law
**GLACIER LAW LLP**
9660 Flair Dr., Ste. 328
El Monte, CA 91731
Telephone: 312-448-7772
Facsimile: 312-801-4587

*Attorneys for Plaintiff and Counterdefendant,*
*ZHEJIANG YUANZHENG AUTO &*
*MOTORCYCLE ASSESSORIES CO., LTD*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ASSESSORIES CO., LTD.**, a Chinese company,<br><br>        Plaintiff,<br><br>    v.<br><br>**AREX INDUSTRIES, INC.**, a California company,<br><br>        Defendant.<br><br>And related counteraction. | Case No.: 2:22-cv-01692-JWH-PD<br><br>**JOINT REPORT OF PARTIES RE RULE 26(f) CONFERENCE**<br><br>**Scheduling Conference**<br><br>Date:         September 16, 2022<br>Time:        11:00 a.m.<br>Courtroom:  Zoom videoconference<br><br><br>**Hon. John W. Holcomb** |

1

**JOINT RULE 26(F) REPORT**
2:22-cv-01692-JWH-PD

Case 2:22-cv-01692-JWH-PD   Document 48   Filed 09/02/22   Page 2 of 8   Page ID #:595

Pursuant to the Court's Order Setting Scheduling Conference (Dkt. No. 42), plaintiff and counterdefendant Zhejiang Yuanzheng Accessories Co., Ltd. ("Plaintiff" or "ZYA") and defendant and counterclaimant Arex Industries, Inc. ("Defendant" or "Arex") (collectively, the "Parties") hereby submit this Joint Report on all matters in the Court's Order, including those required to be discussed by Rule 26(f) and Local Rule 26-1. The positions set forth in this Joint Report are based on counsels' current understanding of the legal and factual issues involved in the case. The Parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

1. **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over Plaintiff's Federal Patent Law claim under 35 U.S.C. §1 aet seq.. There are no existing issues regarding personal jurisdiction or venue and all parties have been served.

2. **BRIEF FACTS AND CLAIMS**

This case sprung from a cease and desist letter sent by Arex to third party US Elogistics concerning certain aftermarket headlights that turned out to be manufactured and sold by ZYA. The cease and desist letters had disrupted ZYA business's relationship with US Elogistics and other business partners.

On March 14, 2022, ZYA filed the present action against Arex asserting causes of action for: (i) declaratory judgment of non infringement of US Patent No. D909,634 ("the '634 Patent"), (ii) unfair competition under California Business & Professions Code §§ 17200, 17500, 17535, (iii) trade libel, and (iv) tortious interference with contract and prospective economic advantage (Dkt. No. 1).

On May 23, 2022, Arex filed its counterclaims against ZYA asserting causes of action for (i) infringement of the '634 patent, (ii) willful infringement, (iii) declaration of invalidity of US Patent No. D925,796 ("the '796 Patent"), and (iv) declaration of unenforceability of the '796 Patent (Dkt. No. 29). In response to ZYA's first motion to dismiss under FRCP 12(b)(6), Arex filed

2

**JOINT RULE 26(F) REPORT**
2:22-cv-01692-JWH-PD

amended counterclaims on July 15, 2022, with the same claims bolstered by stronger factual allegations (Dkt. No. 40).

3.  **LEGAL ISSUES**

    **ZYA's Position**

    A.  Whether the allegedly infringing products sold by ZYA infringes the '634 Patent or not.

    B.  Whether Arex engaged in unfair competition practices in violation of California Unfair Competition law.

    C.  Whether Arex is liable for trade libel when it sent malicious cease and desist letters to ZYA's business partners.

    D.  Whether Arex interfered with ZYA's business and contractual relationships with its business partners and customers.

    E.  Whether ZYA is entitled to monetary damages and equitable damages in the event that Arex is found liable for the claims alleged.

    **Arex's Position**

    F.  Whether the Accused Products allegedly manufactured, distributed, offered for sale, and/or sold by ZYA bear a design that is substantially the same as the design in the '634 Patent in the eye of an ordinary observer, giving such attention as a purchaser usually gives.

    G.  Whether ZYA's infringement is willful.

    H.  Whether the '796 patent is invalid or unenforceable due to unclean hands, inequitable conduct, or fraud, *inter alia*, in obtaining said patent.

    I.  Whether ZYA's claims for unfair competition, trade libel, and tortious inference with contract and prospective economic damage are barred by the litigation privilege.

    J.  Whether Arex is entitled to monetary damages and/or equitable relief in the event Defendant is found to be liable for the claims alleged.

4.  **MOTIONS**

1  Currently pending are (i) Arex's motion to dismiss the complaint under FRCP 12(b)(6) (Dkt.
2  No. 23), filed on May 13, 2022; (ii) ZYA's motion for preliminary injunction (Dkt. No. 25), also filed
3  on May 13, 2022; and (iii) ZYA's motion to dismiss the first amended crossclaims (Dkt. No. 44),
4  filed on July 29, 2022.

**5.  AMENDMENT OF PLEADINGS**

The parties may amend depending on the content of this Court's orders on the cross-motions to dismiss.

**6.  EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.  DISCLOSURES**

The Parties propose that no changes should be made to the form or requirement for making initial disclosures under Rule 26(a)(1).  The Parties have made their initial disclosures exchange on October 3, 2022.

**8.  DISCOVERY**

The Parties do not believe discovery should be bifurcated or conducted in phases, and that modifications of the discovery limitations set forth in the Federal Rules of Civil Procedure or the Local Rules are not necessary at this time.

   **A.  Written Discovery**

The Parties plan to serve Requests for Production, Interrogatories, and/or Requests for Admission as soon as possible after the Scheduling Conference and/or after issuance of the Scheduling Order and may serve additional written discovery within the limits of the Federal Rules. The Parties agree that any motions challenging the adequacy of discovery responses shall be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the revised responses to be obtained before that date, if the motion is granted.

   **B.  Depositions**

The Parties plan to take at least the Rule 30(b)(6) depositions of the other party as well as any other witnesses with relevant information, the identities of whom are not yet known. Depositions shall take place in advance of the discovery cut-off date and after the Parties complete written discovery necessary to conduct such depositions.

### C. Protective Order, Email Service, and ESI

To the extent that discovery in this matter will require the production of documents containing confidential, proprietary, private, and/or sensitive information, the Parties agree to stipulate to entry of a protective order. Unless agreed otherwise, the Parties shall produce all documents in .PDF format, except for Microsoft Excel (e.g., .XLS, .CSV, etc.), Microsoft PowerPoint (.PPT), and Audio and/or Video Multi-Media (e.g., .MP3, .WAV, etc.), which shall be produced in native format.

If production of a particular document warrants a different format, the Parties agree to cooperate in arranging for a mutually acceptable production of such documents. The Parties agree not to degrade the readability of documents or searchability of ESI as part of the document production process. Should issues arise regarding the service of documents or the production of ESI, the Parties agree to meet and confer in good faith to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Should any email with attached files exceed 10 MB in size, the Parties agree to send such files via secure electronic file transfer or on a flash memory drive sent via overnight courier.

## 9. CLASS ACTION

A motion for class certification is not applicable to this action.

## 10. RELATED CASES

The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## 11. RELIEF

### Relief sought by ZYA

ZYA prays for relief in the form of an entry of Declaratory Judgement that ZYA does not infringe the '634 patent. ZYA also prays for relief in the form of an Order enjoining Arex from

engaging in the false and unlawful conduct described in this litigation. ZYA also seeks compensation for all damages caused by Defendant's unfair competition practices, trade libel, and tortious interference with prospective economic advantages. ZYA also seeks an award of reasonable attorney's fees and cost of suit incurred herein as well as pre and post judgement interest of its damages.

### Relief sought by Arex

Arex prays for relief in the form of an injunction against ZYA from infringement of the '634 Patent, including but not limited to any making, using, offering for sale, selling, or importing of unlicensed infringing products within and without the United States. Arex further seeks compensation for all damages caused by Defendant's infringement of the '634 Patent to be determined at trial. Such Compensation should be based on the damages to Arex caused by ZYA's infringement and/or on the profit made by ZYA from its infringement. Arex also seeks an award of reasonable attorney's fees and pre- and post-judgment interest of its damages, together with all costs and expenses. Arex further seeks an order that the '796 patent is invalid and/or unenforceable.

## 12. SETTLEMENT/ADR

While the Parties have not engaged in preliminary settlement discussions, both Parties have filed their respective ADR Compliance Certifications and prefer to discuss ADR selection with the Assigned Judge at the case management conference. Plaintiff believes key discovery on source of infringing products and sales data of infringing products will be necessary prior to parties negotiating a resolution.

## 13. MAGISTRATE JUDGE

The Parties do not consent to a magistrate judge preside over this action.

## 14. OTHER REFERENCES

The Parties believe that case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

The Parties are currently not aware of any issues that can be narrowed by agreement or by motion and do not have any suggestions to expedite the presentation of evidence at trial. The Parties currently do not anticipate to file for any request to bifurcate issues, claims, or defenses.

**16.   EXPEDITED TRIAL PROCEDURE**

The Parties do not agree for the case to be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   SCHEDULING**

The Parties request that the Court enter their proposed schedule which is attached as Exhibit A.

**18.   TRIAL**

The Parties agree that the case will be tried to a jury and the expected length of the trial is 3 to 4 days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Other than that of the named parties to the action, there are not interested parties in the outcome of this case.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Central District of California.

**21.   OTHER ISSUES**

The Parties are unaware of any other issues affecting the status or management of the case that should be discussed with the Court, nor to the Parties have any proposals regarding severance, bifurcation, or other ordering of proof.

**22.   PATENT LOCAL RULE**

Arex believes claim construction hearing will aid this Court in resolving the issues of infringement and invalidity with regard to the design patents in suit. If this Court agrees with the plaintiff, Arex believes Northern District Patent Local Rules should be adapted to aid this Court through the claim construction process.

ZYA's position is that Central District Patent Local Rules do not apply since there are no utility patents asserted in the present action.

Dated:  September 2, 2022                                   /s/ *Alexander Chen*
                                                            Alexander Chen
                                                            Katja M. Grosch
                                                            Theodore S. Lee
                                                            INHOUSE CO. LAW FIRM
                                                            *Attorneys for Defendant and Counterclaimant, Arex Industries, Inc.*

Dated:  September 2, 2022                                   /s/Tianyu Ju
                                                            Tianyu Ju
                                                            Yu Hao Yao
                                                            Tao Liu
                                                            GLACIER LAW LLP
                                                            *Attorneys for Plaintiff and Counterdefendant, Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd.*

### **ATTESTATION RE ELECTRONIC SIGNATURES**

The filer of this document attest that all other Signatories to this document, on whose behalf this filing is submitted, concur as to the content and have authorized their signature and filing of the document.

Dated:  September 2, 2022                                   By:  /s/  Tianyu Ju