# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>AREX INDUSTRIES, INC.,<br><br>    Defendant.<hr>AREX INDUSTRIES, INC., a California company,<br><br>    Counterclaimant.<br><br>    v.<br><br>ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD., a Chinese company.<br><br>    Counterdefendant, | Case No. 2:22-cv-01692-JWH-PDx<br><br>**ORDER ON PLAINTIFF'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM [ECF NO. 69] and DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD AMENDED COUNTERCLAIM [ECF NO. 71]** |

## I. BACKGROUND

In March 2022, Plaintiff and Counterclaimant Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. ("ZYA") filed its Complaint, thereby commencing this action.[1] ZYA seeks declaratory judgment that it does not infringe U.S. Patent No. D909,634 (the "D'634 Patent"), which is assigned to Defendant and Counterclaimant Arex Industries, Inc.[2] Arex responded by filing counterclaims for infringement and willful infringement of its D'634 Patent and for declaratory judgment of invalidity and unenforceability of ZYA's U.S. Patent No. D725,796 (the "D'796 Patent").[3] Although ZYA does not assert any claim that Arex infringes ZYA's D'796 Patent, Arex argues that ZYA *intends* to assert the D'796 Patent as a defense to ZYA's alleged infringement of Arex's D'634 Patent.[4]

In July 2022, ZYA moved to dismiss Arex's then-operative Counterclaim.[5] The Court granted ZYA's motion in part and denied it in part. Specifically, the Court rejected ZYA's effort to dismiss Arex's willful infringement counterclaim, concluding that "ZYA's acknowledgement of Arex's cease-and-desist letter, combined with its inaction when faced with information about the alleged patent infringement, is sufficient at the pleading stage."[6] But the Court granted ZYA's motion with respect to unenforceability, concluding that Arex did not sufficiently identify the specific individuals associated with the alleged inequitable conduct and that Arex did not describe with particularity how ZYA carried out the alleged inequitable conduct.[7] Arex then amended its unenforceability counterclaim to list individuals involved with ZYA's alleged inequitable conduct.[8] Arex also included additional allegations regarding the factual circumstances surrounding ZYA's alleged inequitable conduct.[9]

---

[1]     *See generally* Compl. (the "Complaint") [ECF No. 1].

[2]     *Id*. ¶¶ 46-50.

[3]     *See generally* Countercl. [ECF No. 29]; First Amended Countercls. (the "FACC") [ECF No. 40]; Second Amended Countercls. (the "SACC") [ECF No. 66].

[4]     *See* Def.'s Opp'n to Pl.'s Motion to Dismiss (the "Dismiss Opposition") [ECF No. 73] 4:13-18 and 6:8-18.

[5]     *See generally* Motion to Dismiss FACC [ECF No. 44].

[6]     *See* Order re Def.'s Mot. to Dismiss Complaint (the "Order") [ECF No. 63] § III.C.1. The Court also summarized the relevant pleadings from the Complaint and the FACC in its Order. *See id*. at § I.B.1 & I.B.2.

[7]     *Id*. at § III.C.2.

[8]     *See* SACC ¶ 57.

[9]     *See id*. at ¶¶ 64-85.

ZYA moves to dismiss Arex's now-operative Counterclaim on the grounds that (1) Arex insufficiently pleads willful infringement; (2) Arex lacks standing to assert its declaratory judgment claims with respect to the D'796 Patent; and (3) Arex insufficiently pleads inequitable conduct.[10]  ZYA's Motion to Dismiss is fully briefed.[11]

Additionally, in light of new information that Arex obtained during discovery, Arex now moves for leave to file a third amended counterclaim that includes trademark and antitrust claims for relief.[12]  Arex's Motion is also fully briefed.[13]

## II.  SUMMARY OF DECISION

For the reasons set forth in detail below, ZYA's instant Motion to Dismiss Arex's counterclaim for willful infringement of Arex's patent in suit is **DENIED**, for the reasons set forth in the Court's June 2023 Order.  But ZYA's instant Motion to Dismiss Arex's counterclaims for declaratory judgment of invalidity and unenforceability of ZYA's patent is **GRANTED** due to Arex's lack of standing to make those claims.  Arex's instant Motion for Leave to file amended counterclaims is **GRANTED**.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(1)—Lack of Subject Matter Jurisdiction

The party seeking to invoke the federal court's jurisdiction bears the burden of alleging specific facts sufficient to prove Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  When a claimant lacks standing, the Federal Rules of Civil Procedure allow the opposing party to move for dismissal based upon lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A claimant bears the burden of demonstrating standing "for each claim" and "for each form of relief" that it seeks.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 352 (2006) (internal citations and quotations omitted).  The court should dismiss an action when the face of the pleading

---

[10]  *See generally* Def.'s Mot. to Dismiss SACC (the "Motion to Dismiss") [ECF No. 69].

[11]  *See* Dismiss Opposition [ECF No. 73]; Reply in Support of Motion to Dismiss ("Dismiss Reply") [ECF No. 77].

[12]  *See generally* Def.'s Mot. for Leave to File Third-Amended Counter-Complaint (the "Motion for Leave") [ECF No. 71].

[13]  *See* Pl.'s Opp'n to the Motion for Leave [ECF No. 72]; Def.'s Reply in Supp. of the Motion for Leave [ECF No. 74].

does not demonstrate a basis for standing. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a) & 12(b)(1).

"Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A *facial* attack accepts the plaintiff's allegations as true but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The court resolves a facial attack "as it would a motion to dismiss under Rule 12(b)(6)": in accepting the claimant's allegations as true and drawing all reasonable inferences in its favor, the court determines "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

By contrast, a *factual* attack contests "the truth of the plaintiff's factual allegations," typically by introducing evidence outside the pleadings. *Id.* "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* (internal citation omitted). The claimant bears the burden of proving—by a preponderance of the evidence—that it meets each of the requirements for subject-matter jurisdiction, with one caveat: if the existence of jurisdiction turns on "disputed factual issues," then the court itself may resolve those factual disputes. *Id.*

## B. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked through a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the pleading "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a claimant must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A pleading must contain "well-pleaded facts" from which the court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### C.     Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the court determines "that the pleadings could not possibly be cured by the allegation of other facts." *Id.* (quoting *Does v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

However, leave to amend is "not automatic." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2020 WL 5775174, at *1 (C.D. Cal. July 8, 2020). The Ninth Circuit instructs courts to consider five factors in connection with the potential amendment of a pleading: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the claimant has previously amended its pleading. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit instructs that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Once the district court issues a scheduling order establishing a timeline for amended pleadings, a party may amend the complaint only upon a showing of good cause under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Some courts within the Ninth Circuit have concluded that a party must meet the Rule 16 standard even when there is no deadline for filing amended pleadings. *See, e.g., Jones v. City of Tulare*, 2018 WL 6271577, at *3 (E.D. Cal. Nov. 30, 2018) ("Although the Court's scheduling Order does not set a specific deadline for amending the complaint, [the p]laintiffs' motion to amend the complaint is governed by Rule 16(b)(4) because granting [the p]laintiffs leave to amend the complaint would require amending other dates in the Scheduling Order."). The "good cause" standard under Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

# IV.  ANALYSIS

## A.  ZYA's Motion to Dismiss

### 1.  Willful Infringement

The Court denied ZYA's previous motion to dismiss Arex's counterclaim for willful infringement of the D'634 Patent.[14]  Accordingly, ZYA's Motion with respect to this counterclaim is effectively a motion for reconsideration.  This Court's Local Rules authorize only three grounds upon which a party may make a motion for reconsideration:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
>
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18.  ZYA's instant Motion does not fall within any of those grounds.  Accordingly, the Court **DENIES** ZYA's Motion for reconsideration and maintains its denial of ZYA's motion to dismiss Arex' willful infringement counterclaim.

### 2.  Standing to Seek Declaratory Judgment

ZYA argues that Arex lacks standing to assert declaratory judgment counterclaims with respect to the D'796 Patent because ZYA never asserted a claim against Arex for infringement of the D'796 Patent.[15]  Arex responds that it has standing to challenge the D'796 Patent because ZYA raised the D'796 Patent as a defense to Arex's infringement and willfulness claims regarding Arex's D'634 Patent.[16]  Specifically, per Arex, ZYA contends that it does not infringe Arex's D'634 Patent because ZYA's products are based upon its D'796 Patent as opposed to Arex's D'634 Patent.[17]  In making that argument, Arex relies on a letter that ZYA sent to a third party warehouse, in which ZYA took the position that it does not infringe Arex's D'634 Patent and that its products embody the

---

[14]    Order § III.C.1.

[15]    Motion to Dismiss 19:20-25.

[16]    Dismiss Opposition 4:13-18 & 6:8-18.

[17]    *Id*. 9:1-10.

D'796 Patent.[18]  In its reply, ZYA contends that it never mentioned its D'796 Patent in its Complaint and that it asserts no affirmative defense based upon its D'796 Patent.[19]

Arex insists that it has standing to pursue its declaratory judgment claims because ZYA intends to use the D'796 Patent as a defense to any assertion of infringement of the D'634 Patent.  The record does not reveal any such intent.  A patentee may assert its patent in support of an invalidity argument; that is, a patentee may allege that its patent is prior art to an asserted patent.  Here, however, ZYA does not make any claim for invalidity of the D'634 Patent, on any ground.  ZYA asserts only a claim for declaratory judgment of non-infringement of the D'634 Patent.  The statements in the letter that Arex cites do not suggest that ZYA plans to use the D'796 Patent defensively in this litigation.  In sum, Arex fails to articulate what ZYA's supposed defense would entail, and ZYA does not actually plead any defense based upon the D'796 Patent.

In view of those circumstances, the Court concludes that Arex lacks standing to assert declaratory judgment counterclaims for invalidity and unenforceability of ZYA's D'796 Patent.  A movant must demonstrate either "reasonable apprehension of suit" or some other "*real* and *immediate* injury or threat of future injury that is *caused by the defendants*" to establish standing to bring a declaratory judgment claim.  *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (emphasis in original).  Here, Arex establishes neither.  Moreover, ZYA filed a declaration indicating that it has not asserted any claim of infringement of the D'796 Patent against Arex and that it does not plan to enforce the D'796 Patent against Arex now or in the future.[20]  That declaration reinforces that the D'796 Patent is not at issue.

With respect to its inequitable conduct counterclaim, Arex separately argues that the Court possesses jurisdiction because ZYA put the D'796 Patent at issue, both affirmatively and defensively.[21]  As discussed above, Arex is simply incorrect.  Arex cites a footnote in *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388 (Fed. Cir.1984), in support of its arguments:  "Nor does the present holding preclude a declaratory judgment that all claims are invalid when the proof at trial establishes a basis, *e.g.*, fraud, derivation, for such judgment."  *Id.* at 1400 n.8.  There, however, the preceding text of the cited footnote clarifies that the circumstances under which a declaratory judgment claim may proceed require some allegation or assertion—for instance, via a cease-and-desist letter—of at least one claim of the patent at issue.  *See id.*  Here, Arex does not argue that ZYA

---

[18]     *Id.*

[19]     Dismiss Reply 8:1-7 & 8:23-28.

[20]     Declaration of Mona Li [ECF No. 70-1] ¶¶ 3 & 4.

[21]     Dismiss Opposition 12:9-12.

asserted the D'796 Patent in any capacity, and ZYA insists that it does not and will not assert the D'796 Patent.

### 3. Sufficiency of Inequitable Conduct Pleadings

ZYA also argues that Arex fails to plead its inequitable conduct counterclaim under the heightened Rule 9(b) standard.[22] But in view of Arex's standing problem, discussed above, the Court need not consider the sufficiency of Arex's inequitable conduct allegations. For those reasons, the Court **GRANTS** ZYA's Motion to dismiss Arex's counterclaims for declaratory judgment of invalidity and unenforceability, due to lack of standing.

### 4. Leave to Amend

Any amendment of Arex's invalidity and unenforceability counterclaims would be futile because ZYA does not presently assert any claim or defense related to its D'796 Patent. In other words, at present, no possible allegations of fact could cure Arex's lack of standing to assert a declaratory judgment claim for invalidity or unenforceability of the D'796 Patent. *See Lopez*, 203 F.3d at 1127. Accordingly, the Court **DISMISSES** Arex's counterclaims for declaratory judgment of invalidity and unenforceability **without leave to amend**.

## B. Arex's Motion for Leave to Amend

Arex argues that an amended counterclaim is called for based, in part, upon information that Arex obtained in May 2023, during discovery.[23] The Court issued the operative scheduling order in April 2023, with no deadline for the amendment of the pleadings.[24]

The Court need not decide whether Rule 15 or Rule 16 applies to Arex's Motion because Arex has met both standards. Under Rule 16, Arex has shown good cause by acting with diligence and filing this Motion for Leave based upon information that it obtained during discovery. Under Rule 15, Arex has made a sufficient showing that justice so requires that the Court grant leave to amend. While it is true that Arex previously amended its counterclaim, the other *Nunes* factors weigh in favor of granting leave to amend again. The Court finds no bad faith; amendment does not appear futile;

---

[22]   Motion 24:12-15.

[23]   *See id.* at 12.

[24]   Order Granting Amendment of Scheduling Order (the "Amended Scheduling Order") [ECF No. 58].

and Arex filed this Motion promptly after obtaining information during discovery. Accordingly, the Court **GRANTS** Arex's instant Motion for Leave.

### C.     The Court's Extension of the Case Schedule

To avoid any potential prejudice to ZYA in view of Arex's anticipated amendment of its counterclaim, on its own motion the Court **EXTENDS** certain dates in its Amended Scheduling Order as follows:

- Designation of Expert Witnesses:  September 6, 2024;
- Designation of Rebuttal Expert Witness:  September 20, 2024;
- All Discovery Cut-Off (including hearing of discovery motions):  October 4, 2024;
- Dispositive Motion Hearing Cut-Off:  December 13, 2024;
- Deadline for Hearing on Motions *in Limine*:  January 31, 2025;
- Final Pretrial Conference:  February 7, 2025; and
- Trial:  February 24, 2025.

## V.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.     ZYA's instant Motion to Dismiss is **GRANTED in part** and **DENIED in part**, as follows:

   a.     ZYA's Motion to Dismiss Arex's counterclaim for willful infringement of Arex's patent in suit is **DENIED**; and

   b.     ZYA's Motion to Dismiss Arex's counterclaims for declaratory judgment of invalidity and unenforceability of ZYA's patent is **GRANTED** due to Arex's lack of standing.  Arex's third and fourth counterclaims are **DISMISSED without leave to amend**.

2.     Arex's Motion for Leave to Amend its Counterclaim is **GRANTED**.  Arex is **DIRECTED** to file an amended pleading no later than February 23, 2024, and to file contemporaneously therewith a Notice of Revisions to Second Amended Counterclaim that provides the Court with a redline version that shows the amendments.

3.     ZYA is **DIRECTED** to file its response to Arex's amended pleading no later than March 15, 2024.

4.     On its own motion, the Court **EXTENDS** the case schedule, as follows:

| EVENT | NEW DATE/DEADLINE |
|---|---|
| Designation of Expert Witnesses | September 6, 2024 |
| Designation of Rebuttal Expert Witness | September 20, 2024 |
| All Discovery Cut-Off (including hearing of discovery motions) | October 4, 2024 |
| Dispositive Motion Hearing Cut-Off | December 13, 2024 |
| Deadline for Hearing on Motions *in Limine* | January 31, 2025 |
| Final Pretrial Conference | February 7, 2025 |
| Trial | February 24, 2025 |

**IT IS SO ORDERED.**

Dated: February 5, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE