## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—
## GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01692-JWH-PD | Date | November 26, 2025 |
| Title | Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. v. Arex Industries, Inc. | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Priscilla Deason for Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR CLARIFICATION OF RECORD [ECF No. 141]**

Before the Court is the *ex parte* application of Defendant Arex Industries, Inc. to clarify the record.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After reviewing the papers of record,[2] the Court **DENIES** Arex's instant Application—but **DIRECTS** Arex to correct its errors—for the reasons set forth herein.

## I. BACKGROUND

In March 2022, Plaintiff Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. ("ZYA") commenced this action against Arex, seeking a

---

[1] Def.'s *Ex Parte* Appl. (the "Application") [ECF No. 141].

[2] The Court considered the documents of record in this action, including the following papers:  (1) Application; and (2) Pl.'s Opp'n to the Application [ECF No. 143].

declaratory judgment of patent noninfringement and asserting claims for unfair competition, trade label, and tortious interference of contract.[3]

In July 2023, ZYA filed a motion to dismiss.[4] The next day, ZYA filed a notice of errata because it forgot to attach a declaration to its Motion.[5]

Additionally, from March 2022 through July 2024, on eight separate occasions the Clerk's Office issued deficiency notices regarding various documents that ZYA filed.[6]

In October 2025, Arex filed its Fourth Amended Crossclaim.[7] Then, nine days later, Arex refiled its Counterclaim to correct "unreadable or blurry" exhibits. However, even though Arex's Refiled Counterclaim contained the corrected exhibits, it contained the wrong version of the Counterclaim.[8]

Now, through this Application, Arex asks the Court to correct its two Counterclaim filing errors.[9]

## II.  LEGAL STANDARD

Rule 60(a) of the Federal Rules of Civil Procedure, entitled "Corrections Based on Clerical Mistakes; Oversights and Omissions," provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

---

[3]   Compl. (the "Complaint") [ECF No. 1].
[4]   Pl.'s Mot. to Dismiss (the "Motion") [ECF No. 69].
[5]   Pl.'s Not. of Errata [ECF No. 70].
[6]   The Court has issued several deficiency notices.  *See* Notices of Deficiencies [ECF Nos. 5, 17, 26, 37, 76, 86, 107, & 115].
[7]   Pl.'s Fourth Am. Crossclaim (the "Counterclaim") [ECF No. 137].
[8]   Application 2:13–15.
[9]   *See id.*

## III. ANALYSIS

Throughout the life of this case, through their numerous docketing and filing errors, both parties have displayed a repeated and systemic disregard for the requisite attention to detail expected of counsel of record in federal litigation. As another acute example, Arex misspelled ZYA's name—rendering "Accessories" as "Assessories"—in several of its most recent filings.

The parties' pattern of carelessness can no longer go unaddressed. While the Court will allow Arex to correct its most recent error by refiling, ***properly***, its pleading, the Court admonishes **both** parties that such repeated, erroneous submissions waste the Court's—and the parties'—time and resources, and they will not be tolerated. The Court, therefore, puts both parties on notice that further clerical or filing errors will be met with little or no leniency, and, if the pattern continues, the Court will impose sanctions.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Arex's Application for Clarification of the Record [ECF No. 141] is **DENIED.**

2. Arex's Counterclaim [ECF No. 137] is **STRICKEN**.

3. Arex's Refiled Counterclaim [ECF No. 139] is **STRICKEN**.

4. Arex is **DIRECTED** to file a corrected pleading no later than December 5, 2026.

5. ZYA is **DIRECTED** to file its response thereto no later than December 19, 2026.

**IT IS SO ORDERED.**