Jie Li (SBN 354432)
Glacier Law LLP
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: (626) 750-0040
Email: jie.li@glacier.law

Weed, Benjamin (PHV pending)
Glacier Law LLP
5336 Lyman Ave
Downers Grove, IL60515
Email: ben.weed@glacier.law

Dandan Pan (PHV admitted)
Glacier Law LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
Telephone: (212) 927-5033
Email: dandan.pan@glacier.law
*Attorneys for Plaintiff Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ZHEJIANG YUANZHENG AUTO & MOTORCYCLE ACCESSORIES CO., LTD., a Chinese company,**<br><br>Plaintiff,<br><br>v.<br><br>**AREX INDUSTRIES, INC., a California company,**<br><br>Defendant. | **Case No. 2:22-cv-01692-JWH-PD**<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS AND GENUINE DISPUTES IN SUPPORT OF PLAINTIFF ZYA'S MOTION FOR SUMMARY JUDGMENT**<br><br>District Judge: Hon. John W. Holcomb |

**PLEASE TAKE NOTICE** that Plaintiff and Counterclaim-Defendant Zhejiang Yuanzheng Auto & Motorcycle Accessories Co., Ltd. ("**ZYA**") hereby lodges a PDF version of the parties' Joint Statement of Undisputed Facts and Genuine Disputes in Support of ZYA's Motion for Summary Judgment. An Excel version will be emailed to the Court pursuant to the Honorable John W. Holcomb's Standing Order (Dkt. 14).

Dated: August 27, 2026

**GLACIER LAW LLP**
By: /s/ Jie Li
Jie Li (SBN 354432)
Attorney for Plaintiff

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| 1. | ZYA | U.S. Design Patent No. D909,634 ("the '634 Patent"), entitled "Vehicle Headlight," issued on February 2, 2021 from Application No. 29/677,455, filed January 21, 2019, naming Mizeng He as the sole inventor. | Joint Exhibit at 3 (Ex. 1) ('634 Patent, cover page); Joint Exhibit at 226-234 (Ex. 5) (Fourth Am. Countercls. ¶ 14) (Dkt. 147); Joint Exhibit at 134 (Ex. 4) (AREX000190) (PTOL-90A). | Undisputed. | |
| 2. | ZYA | The '634 Patent contains a single claim: "The ornamental design for a vehicle headlight, as shown and described." | Joint Exhibit at 3 (Ex. 1) ('634 Patent, claim); Joint Exhibit at 226-235 (Ex. 5) (Fourth Am. Countercls. ¶ 18) (Dkt. 147). | Undisputed. | |
| 3. | ZYA | The claim of the '634 Patent is defined by five figures: FIG. 1 (perspective view), FIG. 2 (front view), FIG. 3 (right side view), FIG. 4 (alternative perspective | Joint Exhibit at 3 (Ex. 1) ('634 Patent, Description and FIGS. 1-5); Joint Exhibit at 132 (Ex. 4) (AREX000188). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | view), and FIG. 5 (top view). | | | |
| 4. | ZYA | In the '634 Patent, "The broken lines are for environmental purposes only and form no part of the claimed design." | Joint Exhibit at 3 (Ex. 1) ('634 Patent, Description); Joint Exhibit at 132 (Ex. 4) (AREX000188). | Undisputed. | |
| 5. | ZYA | Application No. 29/677,455 was filed with seven figures. | Joint Exhibit at 132-133 (Ex. 4) (AREX000188-189) (Amendments to the Specification; Remarks/Arguments). | Undisputed. | |
| 6. | ZYA | The '634 Patent was never rejected under 35 U.S.C. § 102 or § 103 during prosecution. | Joint Exhibit at 134-138 (Ex. 4) (AREX000190-194) (Office Action mailed June 19, 2020); Joint Exhibit at 132-133 (Ex. 4) (AREX000188-189). | Undisputed. | |
| 7. | ZYA | The Office Action objections concerned the | Joint Exhibit at 134-138 (Ex. 4) (AREX000190-194) (Office | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | title, drawing quality, figure numbering, and new matter. | Action mailed June 19, 2020). | | |
| 8. | ZYA | In a response dated April 17, 2020, the applicant canceled FIG. 5 and submitted replacement drawings that converted portions of FIG. 2 from solid lines to broken lines. | Joint Exhibit at 136-137 (Ex. 4) (AREX000191-193) (Office Action mailed June 19, 2020, at 2-3). | Undisputed. | |
| 9. | ZYA | In the Office Action mailed June 19, 2020, the Examiner declined to enter the replacement drawings, stating: "The amendment filed on 4/17/20 will be entered in part. The amendment to the specification has been entered, but the replacement drawings have | Joint Exhibit at 136-137 (Ex. 4) (AREX000192-193) (Office Action mailed June 19, 2020, at 2-3). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | not been entered." The Examiner further stated that the drawings were objected to "because of objectionable new matter," that "FIG. 2 shows a portion in broken lines that was previously shown in solid lines and is now inconsistent with the remaining views," that "some broken lines in the replacement drawings have been removed when compared to the original drawings," and that "there are additional broken lines that have no antecedent basis." | | | |
| 10. | ZYA | In the response filed August 18, 2020, the | Joint Exhibit at 133 (Ex. 4) (AREX000189) | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | applicant stated: "Applicant has canceled Fig. 2 in additional to Fig. 5 and has corrected the informalities," and renumbered the remaining figures. | (Remarks/Arguments); Joint Exhibit at 131 (Ex. 4) (AREX000187) (Response to Ex Parte Quayle Notice). | | |
| 11. | ZYA | The '634 Patent issued with five figures. | Joint Exhibit at 4 (Ex. 1) ('634 Patent, FIGS. 1-5). | Undisputed. | |
| 12. | ZYA | Application No. 29/677,455 was examined by Primary Examiner Angela J. Lee, Art Unit 2911. | Joint Exhibit at 131, 136, 138 (Ex. 4) (AREX000191, AREX000194) (Response to Ex Parte Quayle Notice; Office Action mailed June 19, 2020); Joint Exhibit at 115 (Ex. 4) (Notice of Allowability, AREX000171). | Undisputed. | |
| 13. | ZYA | U.S. Design Patent No. D863,627 is cited as a reference on the | Joint Exhibit at 3 (Ex. 1) ('634 Patent, References Cited). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | face of the '634 Patent. | | | |
| 14. | ZYA | Thirteen United States design patents for vehicle headlights are cited as references on the face of the '634 Patent: D863,627; D857,262; D855,849; D850,677; D849,285; D846,770; D844,200; D844,199; D843,621; D842,503; D807,547; D771,291; and D769,480. | Joint Exhibit at 3 (Ex. 1) ('634 Patent, References Cited); Joint Exhibit at 10 (Ex. 2) (AREX000072-000158) (Arex production of the same thirteen references). | Undisputed. | |
| 15. | ZYA | Arex's expert Russell D. Slifer states that "[t]he Examiner considered and cited these thirteen (13) prior art references" and reproduces the same list. | Joint Exhibit at 483 (Ex. 11) (Slifer Rebuttal Report para. 18) (Sept. 20, 2024). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| 16. | ZYA | Prosecution of Application No. 29/677,455 proceeded by *Ex parte Quayle* action mailed December 23, 2019; the applicant responded on April 17, 2020; the Examiner mailed a further Office Action on June 19, 2020; the applicant responded again on August 18, 2020; and a Notice of Allowance issued October 16, 2020. An Ex parte Quayle action issues only where prosecution on the merits is closed and the application is in condition for allowance but for formal matters. | Joint Exhibit at 483 (Ex. 11) (Slifer Rebuttal Report paras. 15-17) (Sept. 20, 2024); Joint Exhibit at 134-138 (Ex. 4) (AREX000190-194); Joint Exhibit at 115 (Ex. 4) (Notice of Allowability, AREX000171). | Disputed. Objection: the statement is compound and its final sentence is a legal and USPTO-practice conclusion rather than a plain fact, contrary to the Standing Order at 11:8-15. Arex does not dispute the stated prosecution dates. ZYA should separate the chronology from the asserted legal proposition. | Arex identifies no counter-evidence and does not dispute a single date. Arex offers no counter-evidence contradicting the fact, so under Standing Order para. 15(b) it is undisputed for purposes of this motion. The final sentence describes United States Patent and Trademark Office practice and is established by the same source Arex's own expert used to describe this prosecution. Joint Exhibit at 483 (Ex. |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | 11) (Slifer Rebuttal Report paras. 15-17). |
| 17. | ZYA | The design claimed in D863,627 discloses a vehicle headlight having substantially the same peripheral shape as the '634 Patent. | Joint Exhibit at 93 (Ex. 2) (D863,627, FIGS. 1-3); Joint Exhibit at 381-383 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 21-24); Joint Exhibit at 337-341 (Ex. 7) (Hill Decl. ¶¶ 32-35). | Undisputed. D863,627 and the '634 Patent have generally similar outer peripheral shapes. Arex disputes any inference that they have substantially the same overall ornamental appearance. Joint Exhibit at 463–476 (Ex. 10) (Slifer Opening Report ¶¶ 55–73). | Undisputed, as Arex concedes. ZYA does not contend that D863,627 and the claimed design have the same overall appearance; ZYA contends the opposite. The admitted similarity of peripheral shape is the prior-art baseline against which the differences are measured. Arex's supporting citation spans fourteen pages, |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | contrary to the five-page guidance in Standing Order para. 15(b), and identifies nothing that contradicts the fact. |
| 18. | ZYA | The design claimed in D863,627 discloses two vertically aligned projector lights with surrounding bezels. | Joint Exhibit at 93 (Ex. 2) (D863,627, FIGS. 1-3); Joint Exhibit at 381-383 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 21-24); Joint Exhibit at 337-341 (Ex. 7) (Hill Decl. ¶¶ 32-35). | Undisputed. | |
| 19. | ZYA | The design claimed in D863,627 discloses a continuous LED bar wrapping around the outer perimeter. | Joint Exhibit at 93 (Ex. 2) (D863,627, FIGS. 1-3); Joint Exhibit at 381-383 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 21-24); Joint Exhibit at 337-341 (Ex. 7) | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | (Hill Decl. ¶¶ 32-35). | | |
| 20. | ZYA | The design claimed in D863,627 discloses an inner side lamp. | Joint Exhibit at 93 (Ex. 2) (D863,627, FIGS. 1-3); Joint Exhibit at 381-383 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 21-24); Joint Exhibit at 337-341 (Ex. 7) (Hill Decl. ¶¶ 32-35). | Undisputed. | |
| 21. | ZYA | The 2018 Ford F-150 King Ranch Edition exterior halogen headlight is prior art. | Joint Exhibit at 240 (Ex. 5) (Fourth Am. Countercls. ¶ 39) (Dkt. 147). | Undisputed. Objection: the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's Standing Order. ZYA should cite admissible evidence contained in the Joint Exhibit or delete the proposed fact. | Arex objects to ZYA's citation while conceding the fact. Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket documents from the documents that must be consolidated into the Joint Exhibit; it does not relieve a |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | party of its own allegations. Factual assertions in a party's operative pleading are judicial admissions conclusively binding on that party. Arex cannot plead a theory and then object when its own words are read back to it. |
| 22. | ZYA | A "grill-like bar covering the inner side lamp" is "a feature that was already disclosed in prior art, specifically, the 2018 Ford F-150 King Ranch Edition exterior halogen headlight." | Joint Exhibit at 240 (Ex. 5) (Fourth Am. Countercls. ¶¶ 39-40) (Dkt. 147). | Undisputed. Objection: the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's Standing Order. ZYA should cite admissible | Arex objects to ZYA's citation while conceding the fact. Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket documents from the documents |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | evidence contained in the Joint Exhibit or delete the proposed fact. | that must be consolidated into the Joint Exhibit; it does not relieve a party of its own allegations. Factual assertions in a party's operative pleading are judicial admissions conclusively binding on that party. Arex cannot plead a theory and then object when its own words are read back to it. |
| 23. | ZYA | Each of D863,627, D855,849, D863,628, and the 2018 Ford F-150 headlight is a design applied to a vehicle | Joint Exhibit at 93 (Ex. 2) (D863,627); Joint Exhibit at 83 (Ex. 2) (D855,849); Joint Exhibit at 98 (Ex. 3) | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | headlight, the article of manufacture identified in the claim of the '634 Patent. | (D863,628); Joint Exhibit at 328 (Ex. 7) (Hill Decl. ¶ 3); Joint Exhibit at 379 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 20). | | |
| 24. | ZYA | The peripheral shape of the '634 Patent design, the closest prior art, and the accused headlight are substantially identical because each must conform to the peripheral shape of the original headlight opening of the Ford F-150 pickup truck. | Joint Exhibit at 337-339 (Ex. 7) (Hill Decl. ¶¶ 31-33); Joint Exhibit at 372-381 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 11, 14, 21). | Undisputed. Fitment to the Ford F-150 constrains the general outer perimeter of the designs. Arex does not admit that fitment dictates the ornamental treatment of the perimeter or the designs' overall ornamental appearance. Joint Exhibit at 463–476 (Ex. 10) (Slifer Opening Report ¶¶ 55–73). | Undisputed, as Arex concedes. Arex's admission that F-150 fitment constrains the outer perimeter is the fact ZYA relies on; ZYA does not contend that fitment dictates the ornamental treatment of any feature. Arex's supporting citation spans fourteen pages, contrary to the five-page |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | guidance in Standing Order para. 15(b), and identifies nothing that contradicts the fact. |
| 25. | ZYA | Arex's expert Russell D. Slifer states that the prior art references "have general similarities as headlights, such as two light bulbs (aka projector lights)," that "[t]he peripheral shapes of the headlights are generally either rectangular, C-shaped or reverse C-shaped," that "[t]he two light bulbs are either square, rectangular or round from reference to reference," and that "[s]ome of | Joint Exhibit at 471 (Ex. 10) (Slifer Opening Report ¶ 60) (Sept. 6, 2024). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | the prior art headlights include a continuous light bar wrapping around the outer perimeter of the headlight." | | | |
| 26. | ZYA | The upper and lower projector lights of the '634 Patent design are rounded with truncated top and bottom edges, and the side of the surrounding bezel displays a backward-pointing arrow. | Joint Exhibit at 383 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 25); Joint Exhibit at 351-353 (Ex. 7) (Hill Decl. ¶¶ 41-42); Joint Exhibit at 4 (Ex. 1) ('634 Patent FIGS. 1-5). | Undisputed. | |
| 27. | ZYA | The upper projector light of D863,627 is square and the lower is rectangular, both with rounded corners. | Joint Exhibit at 93 (Ex. 2) (D863,627); Joint Exhibit at 383 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 25). | Undisputed. | |
| 28. | ZYA | The continuous LED bar wrapping the outer perimeter of the '634 Patent design is | Joint Exhibit at 382 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 23). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | interrupted by an elongated horizontal band centrally positioned on the inner peripheral side. | | | |
| 29. | ZYA | That interruption is not shown in D863,627, whose perimeter bar is uninterrupted. | Joint Exhibit at 347 (Ex. 7) (Hill Decl. ¶ 39); Joint Exhibit at 93 (Ex. 2) (D863,627). | Undisputed. | |
| 30. | ZYA | The '634 Patent design shows seven horizontally spaced short vertical elements at the upper and lower outwardly extending portions of the headlight. | Joint Exhibit at 386-388 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 27-28); Joint Exhibit at 346 (Ex. 7) (Hill Decl. ¶ 37). | Undisputed. | |
| 31. | ZYA | The '634 Patent design shows three horizontally spaced, substantially square elements at the outer end of the three | Joint Exhibit at 385-388 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 26-28); Joint Exhibit at 349 (Ex. 7) (Hill Decl. ¶ 40). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | central horizontal bars. | | | |
| 32. | ZYA | The '634 Patent design and the accused headlight each include three marginally spaced horizontal bars centrally located between the upper and lower projector lights, albeit with different shapes at their termination. | Joint Exhibit at 385 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 26). | Undisputed. | |
| 33. | ZYA | This is the only feature common to the '634 Patent design and the accused headlight that is not shown in the prior art of record. | Joint Exhibit at 390 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 29). | Undisputed. The triple-bar feature is the only common individual feature identified in the cited evidence as absent from the prior art. Arex disputes any implication that infringement turns on an | Undisputed, as Arex concedes, and material. Arex's admission that the triple bar is the only common feature absent from the prior art is the premise of the three-way comparison the ordinary observer test |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | isolated point-of-novelty comparison rather than the designs' overall ornamental impression. Joint Exhibit at 428, 444–447 (Ex. 9) (Fletcher Initial Report ¶¶ 86, 99–103); Joint Exhibit at 463–476 (Ex. 10) (Slifer Opening Report ¶¶ 55–73). | requires, not an argument against it. Arex identifies no counter-evidence. |
| 34. | ZYA | The only accused product is ZYA's VLAND LED headlight for the 2018-2020 Ford F-150, SKU G167-YAA-F150-2042A-01010062. | Joint Exhibit at 226-234 (Ex. 5) (Fourth Am. Countercls. ¶ 15) (Dkt. 147); Joint Exhibit at 247 (Ex. 6) (Fourth Am. Countercls. Ex. N) (Dkt. 147-1); Joint Exhibit at 414 (Ex. 9) | Disputed. The statement is compound. Arex does not dispute that this case concerns one accused VLAND headlight design for the 2018–2020 Ford F-150. | Arex identifies no second accused product or design -- not in its pleading, not in its expert reports, not in its discovery responses, and not now. |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | (Fletcher Initial Expert Report ¶ 58) (Sept. 6, 2024).. | Arex disputes the identification of that product solely as SKU G167-YAA-F150-2042A-01010062. Joint Exhibit page 247 is a trademark-assignment cover sheet, and Fletcher paragraph 58 states only that there is one accused product; neither identifies that SKU. Arex's Rule 36 responses state that the referenced Ford F-150 headlight involved at least two product numbers. Joint Exhibit at 689–692 (Ex. 16) | Its own expert states that "there is only one accused product." Joint Exhibit at 414 (Ex. 9) (Fletcher Initial Report para. 58). Arex concedes at Fact 36 that the cited discovery responses "address multiple product numbers for the accused headlight, not multiple accused designs." Arex offers no counter-evidence contradicting the fact, so under Standing Order para. 15(b) it is undisputed |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | (Arex's Responses to RFA Nos. 2–7 and 11). | for purposes of this motion. |
| 35. | ZYA | Arex's expert Timothy P. Fletcher states: "as in this case, there is only one accused product." | Joint Exhibit at 414 (Ex. 9) (Fletcher Initial Expert Report ¶ 58) (Sept. 6, 2024). | Undisputed. Fletcher used "one accused product" to refer to one accused headlight design. Arex disputes any implication that the design was sold under only one SKU or product number. Joint Exhibit at 689–692 (Ex. 16) (Arex's Responses to RFA Nos. 2–7 and 11). | Undisputed, as Arex concedes. ZYA relies on Fletcher's statement for the single proposition that one design is accused. |
| 36. | ZYA | In responding to ZYA's Requests for Admission (Set One), Arex objected on seven separate occasions that "'Plaintiff's Car | Joint Exhibit at 688 (Ex. 16) (Arex's Resps. & Objs. to Reqs. for Admission (Set One), Resps. to RFA Nos. 2, 3, | Undisputed. The cited responses address multiple product numbers for the accused | Undisputed, as Arex concedes -- and dispositive of Arex's objection to Fact 34. Arex |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | Headlight for Ford F150 2018-2020' involved at least two different product numbers." | 4, 5, 6, 7, 11) (Feb. 8, 2023). | headlight, not multiple accused designs. | confirms that its "at least two different product numbers" objection concerned product numbers for the accused headlight, not multiple accused designs. |
| 37. | ZYA | The upper and lower projector lights of the accused headlight are rectangular. | Joint Exhibit at 383, 386 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 25, 27); Joint Exhibit at 351-353 (Ex. 7) (Hill Decl. ¶¶ 41-42). | Undisputed as to the accused product's generally rectangular projector-light openings. Arex disputes any inference that this isolated detail determines the overall ornamental impression. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening | Undisputed, as Arex concedes. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies no counter-evidence, and so is not a proper objection under Standing |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Report ¶¶ 62, 66–73). | Order para. 15(b). |
| 38. | ZYA | The side of the surrounding bezel for the upper and lower projector lights of the accused headlight has a "Y" shape. | Joint Exhibit at 383, 386 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 25, 27); Joint Exhibit at 353-364 (Ex. 7) (Hill Decl. ¶ 42). | Undisputed as to the accused product's Y-shaped bezel detail. Arex disputes any inference that this isolated detail determines the overall ornamental impression. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | Undisputed, as Arex concedes. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 39. | ZYA | The accused headlight does not include three substantially square elements at the outer end of the central horizontal bars. | Joint Exhibit at 385 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 26-27); Joint Exhibit at 349 (Ex. 7) (Hill Decl. ¶ 40). | Undisputed that the accused product does not reproduce the three terminal square elements in exactly the same form. | Undisputed, as Arex concedes: the three square terminals are not reproduced. Whether an admitted difference matters is the |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Arex disputes any inference that this isolated difference changes the overall ornamental impression. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | legal question presented, not a factual dispute. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 40. | ZYA | The accused headlight does not include the elongated horizontal band that interrupts the perimeter light bar. | Joint Exhibit at 382, 386 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶¶ 23, 27); Joint Exhibit at 347 (Ex. 7) (Hill Decl. ¶ 39). | Undisputed that the accused product does not reproduce the identified elongated horizontal band in exactly the same form. Arex disputes | Undisputed, as Arex concedes: the elongated horizontal band is not reproduced. Whether an admitted difference matters is the legal question |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | any inference that this isolated difference changes the overall ornamental impression. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | presented, not a factual dispute. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 41. | ZYA | The accused headlight does not include the seven horizontally spaced short vertical elements. | Joint Exhibit at 386 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 27); Joint Exhibit at 346 (Ex. 7) (Hill Decl. ¶ 37). | Undisputed that the accused product does not reproduce the seven short vertical elements in exactly the same form. Arex disputes any inference that this | Undisputed, as Arex concedes: the seven short vertical elements are not reproduced. Whether an admitted difference matters is the legal question |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | isolated difference changes the overall ornamental impression. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | presented, not a factual dispute. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 42. | ZYA | The inner side lamp of the accused headlight comprises a vertical array of closely spaced horizontal bars extending from the upper projector light to the lower projector light. | Joint Exhibit at 377 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 18); Joint Exhibit at 346 (Ex. 7) (Hill Decl. ¶ 38). | Undisputed as to the described vertical array in the accused product's inner side-lamp area. Arex disputes any inference that this isolated detail determines | Undisputed, as Arex concedes. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | the overall ornamental impression. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 43. | ZYA | The inner side lamp of the accused headlight is significantly different in shape and appearance from the inner side lamp of the '634 Patent design and of D863,627. | Joint Exhibit at 377 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 18); Joint Exhibit at 346 (Ex. 7) (Hill Decl. ¶ 38). | Disputed. Objection: the statement is compound because it combines two separate comparisons. Slifer characterized the accused-product side-lamp difference from the '634 Patent as small and concluded that the accused product is visually closer to the '634 Patent than to the | Arex concedes the identical physical description at Fact 42 and identifies no counter-evidence of what the accused inner side lamp looks like. Slifer's word "small" is a characterization, and the same paragraph states that the differences "could be important to the eye of the hypothetical |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | closest prior art and substantially the same overall. Joint Exhibit at 473 (Ex. 10) (Slifer Opening Report ¶ 66); Joint Exhibit at 472 (Ex. 10) (Slifer Opening Report ¶ 62). | ordinary observer." Joint Exhibit at 473 (Ex. 10) (Slifer Opening Report para. 66); see Fact 69. Arex offers no counter-evidence contradicting the fact, so under Standing Order para. 15(b) it is undisputed for purposes of this motion. |
| 44. | ZYA | The lens of the accused headlight has a centrally located, outwardly protruding rectangular wedge-shaped portion. | Joint Exhibit at 386 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 27); Joint Exhibit at 356 (Ex. 7) (Hill Decl. ¶ 43). | Undisputed as to the described lens detail. Arex disputes any inference that this isolated detail materially changes the overall ornamental appearance. | Undisputed, as Arex concedes. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 45. | ZYA | The bottom edge of the accused headlight has a downwardly protruding portion.. | Joint Exhibit at 386 (Ex. 8) (Gandy 2d Rebuttal Decl. ¶ 27). | Undisputed as to the described bottom-edge detail. Arex disputes any inference that this isolated detail materially changes the overall ornamental appearance. Joint Exhibit at 472–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 66–73). | Undisputed, as Arex concedes. Arex's added sentence contests the legal weight of an admitted fact, not the fact. It cites no rule of evidence and identifies no counter-evidence, and so is not a proper objection under Standing Order para. 15(b). |
| 46. | ZYA | Arex alleges that the '634 Patent "is comprised of the following | Joint Exhibit at 237 (Ex. 5) (Fourth Am. | Undisputed. The Fourth Amended Counterclaim | Arex objects to ZYA's citation while conceding the |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | main ornamental features: (1) a single LED projector light with surrounding bezel (having a top horizontal lid, bottom horizontal lid, and side lid displacing a backward pointing arrow) positioned to the top . . . , (2) triple horizontal LED bars with marginal spacing between each bars . . . , (3) a single LED projector light with a surrounding bezel (having a top horizontal lid, bottom horizontal lid, and side lid displacing a backward pointing arrow) positioned to the bottom . . . , (4) a continuous LED bar wrapping and | Countercls. ¶ 21) (Dkt. 147). | s contain the quoted allegation. Arex does not admit that a pleading's characterization of selected features replaces comparison of the claimed design as a whole. Objection: the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's Standing Order. ZYA should cite admissible evidence contained in the Joint Exhibit or delete the proposed fact. | fact. Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket documents from the documents that must be consolidated into the Joint Exhibit; it does not relieve a party of its own allegations. Factual assertions in a party's operative pleading are judicial admissions conclusively binding on that party. Arex cannot plead a theory and then object when its own words are read back to |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | taping around the outer perimeter of the headlamp, and (5) an inner side lamp (parking light) adjacent and protruding horizontally to the triple horizontal LED bars." | | | it. ZYA cites the allegation to establish Arex's own characterization of the claimed design, not to displace the comparison of the design as a whole. |
| 47. | ZYA | Arex alleges that the "Triple LED Bars are the prominent design element." | Joint Exhibit at 226-238 (Ex. 5) (Fourth Am. Countercls. ¶ 22) (Dkt. 147). | Undisputed. The Fourth Amended Counterclaims contain the quoted allegation. Objection: the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's Standing Order. ZYA should cite admissible evidence contained in the Joint | Arex objects to ZYA's citation while conceding the fact. Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket documents from the documents that must be consolidated into the Joint Exhibit; it does not relieve a party of its own allegations. |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Exhibit or delete the proposed fact. | Factual assertions in a party's operative pleading are judicial admissions conclusively binding on that party. Arex cannot plead a theory and then object when its own words are read back to it. |
| 48. | ZYA | Arex alleges: "Except for the slight differences in the non-material respect of the appearance of the inner side lamp (5), the accused product bears identical features matching that of the '634 patent." | Joint Exhibit at 226-238 (Ex. 5) (Fourth Am. Countercls. ¶ 23) (Dkt. 147). | Undisputed. The Fourth Amended Counterclaims contain the quoted allegation. Objection: the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's Standing | Arex objects to ZYA's citation while conceding the fact. Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket documents from the documents that must be consolidated into the Joint |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Order. ZYA should cite admissible evidence contained in the Joint Exhibit or delete the proposed fact. | Exhibit; it does not relieve a party of its own allegations. Factual assertions in a party's operative pleading are judicial admissions conclusively binding on that party. Arex cannot plead a theory and then object when its own words are read back to it. |
| 49. | ZYA | Arex alleges: "Given that the similarity between these points of novelty, such that the overall design of the '634 Patent and Accused Products are | Joint Exhibit at 226-238 (Ex. 5) (Fourth Am. Countercls. ¶ 23) (Dkt. 147). | Undisputed. The Fourth Amended Counterclaims contain the quoted allegation. Objection: the quoted infringement conclusion is | Arex objects to ZYA's citation while conceding the fact. Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | nearly identical, there is no doubt that ZYA's Accused Products infringe the '634 Patent." | | a legal conclusion rather than a material fact. Objection: the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's Standing Order. ZYA should cite admissible evidence contained in the Joint Exhibit or delete the proposed fact. | documents from the documents that must be consolidated into the Joint Exhibit; it does not relieve a party of its own allegations. Factual assertions in a party's operative pleading are judicial admissions conclusively binding on that party. Arex cannot plead a theory and then object when its own words are read back to it. The quoted language is cited as Arex's own theory of infringement, not as a |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | statement of governing law. |
| 50. | ZYA | Fletcher opines: "applying the ordinary observer attributes stated supra, a typical buyer of the product would gravitate to the Triple Liner design annotated below as the key feature design and not surprisingly such primary design characteristic of the Asserted Patent is also copied and shown in the Accused Product." | Joint Exhibit at 445 (Ex. 9) (Fletcher Initial Expert Report ¶ 101) (Sept. 6, 2024). | Undisputed. | |
| 51. | ZYA | Fletcher opines: "given that none of the prior art bears the same Triple Liner design, it is the case that where the accused design includes a | Joint Exhibit at 446 (Ex. 9) (Fletcher Initial Expert Report ¶ 102) (Sept. 6, 2024). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | feature ('Triple Liner') of the claimed design that departs conspicuously from the prior art, one must give such feature due weight in analyzing" infringement. | | | |
| 52. | ZYA | Arex's designated witness Kevin Yu (also identified as Kwok Leung Yu), whose title is "CEO in U.S." of Arex Industries, Inc., identifies the three horizontal bars as a "marque design" and as the "prominent" focal point of the design. | Joint Exhibit at 539 (Ex. 13) (Arex's Designation of Experts (Sept. 6, 2024) at 3, 5-6, 11). | Undisputed. | |
| 53. | ZYA | Arex's Designation of Experts states that Kevin Yu is expected to testify that when | Joint Exhibit at 539 (Ex. 13) (Arex's Designation of Experts (Sept. | Undisputed. The designation contains the quoted statement. Yu | Undisputed, as Arex concedes. ZYA does not contend that Yu was |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer. | 6, 2024) at 7, item (v)). | is offered for product and industry testimony concerning purchaser perception and the prominence and branding significance of the triple-bar feature, not as an expert on design-patent law. | offered as an expert on design-patent law. ZYA relies on the designation's own words, which describe the three horizontal bars as a "marque design" and as the "prominent" focal point of the design. |
| 54. | ZYA | Arex responded to fourteen of the eighteen Requests for Admission in ZYA's Set One -- including Request No. 4 ("different shape enclosing its light bulb compared with Patent-in-Suit design"), Request No. 5 ("orange stripes column while | Joint Exhibit at 688 (Ex. 16) (Arex's Resps. & Objs. to Reqs. for Admission (Set One), Resps. to RFA Nos. 2-7, 10-14, 16-18) (Feb. 8, 2023). | Undisputed. Arex admits only that the cited responses asserted objections and did not state an admission or denial. Objection: relevance under Fed. R. Evid. 401 and 402; the wording of | Undisputed, as Arex concedes. Fact 54 establishes that after the close of discovery Arex has never put its position on the identified differences into the record -- which is why Arex is |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | Patent-in-Suit has no such design"), and Request No. 6 ("more curves and edges design while Patent-in-Suit has no such design") -- with objections only, and neither admitted nor denied those requests. | | discovery objections is not evidence that the requested propositions are true, and ZYA cites no order deeming any request admitted. | unable to identify counter-evidence now. |
| 55. | ZYA | Arex's verified Second Supplemental Response to Interrogatory No. 2 states: "Based on information and documents received in discovery from ZYA, the infringement began in January 2021." | Joint Exhibit at 697 (Ex. 17) (Arex's Second Suppl. Resps. to Interrogs. (Set One), Resp. to Rog. No. 2) (verified by Byron Chan, Sept. 8, 2023). | Undisputed. Arex admits only that the verified response contains the quoted statement regarding the alleged start date. Objection: relevance under Fed. R. Evid. 401 and 402; the alleged start date does not resolve whether the accused | Undisputed, as Arex concedes. The verified start date is material to the notice and damages period addressed in the memorandum. Arex identifies no counter-evidence. |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | design is substantially similar to the '634 Patent design. | |
| 56. | ZYA | Count Two of the Fourth Amended Counterclaims is a claim for willful infringement of the '634 Patent and incorporates by reference the allegations of Count One. | Joint Exhibit at 239-241 (Ex. 5) (Fourth Am. Countercls. ¶¶ 30-43) (Dkt. 147). | Undisputed. Arex does not dispute the nature of Count Two. Objection: (1) relevance under Fed. R. Evid. 401 and 402 because the existence of a willfulness count does not bear on ZYA's motion for summary judgment of noninfringement; and (2) the cited pleading is excluded from the Joint Exhibit by Paragraph 15(a), footnote 1 of the Court's | Undisputed, as Arex concedes. (1) The nature of Count Two is material because ZYA seeks judgment on Count Two as wholly derivative of Count One. (2) Footnote 1 to Standing Order para. 15(a) excludes non-evidentiary docket documents from the documents that must be consolidated into the Joint Exhibit; it does not relieve a party of its |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Standing Order. | own allegations, which bind it as judicial admissions. |
| 57. | ZYA | On May 18, 2026, Arex voluntarily dismissed its counterclaims as to Yonghuo Wang and Zhejiang Hongguang Lighting Technology Co., Ltd. pursuant to Fed. R. Civ. P. 41(a)(1). ZYA is the only remaining counterclaim-defendant. | Notice of Dismissal (Dkt. 155) (May 18, 2026); Order (Dkt. 157) (May 19, 2026). | Undisputed. Arex does not dispute the stated procedural history. Objection: (1) relevance under Fed. R. Evid. 401 and 402 because dismissal of other counterclaim-defendants does not bear on whether ZYA's accused headlight infringes the '634 Patent; and (2) the citations do not comply with the Standing Order because the Joint | Undisputed, as Arex concedes. (1) The procedural history is material because it establishes that ZYA is the sole remaining counterclaim-defendant, which defines the scope of the judgment ZYA seeks. (2) ZYA cites Dkt. 155 and Dkt. 157 directly; a Rule 41 notice of dismissal and this Court's own order are matters of record requiring no |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | Statement must cite only the Joint Exhibit, which excludes non-evidentiary docket documents and prior orders. | evidentiary support. |
| 58. | ZYA | Arex's expert Timothy P. Fletcher states in his September 6, 2024 Initial Expert Report that he examined a physical sample of the accused product: "I examined a physical sample of the ZYA Accused Product, to aid me in my analysis during normal use." The materials list in the Report includes "Physical sample of the ZYA | Joint Exhibit at 405, 420, 446 (Ex. 9) (Fletcher Initial Report ¶¶ 35, 75, 103) (Sept. 6, 2024). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | Accused Product." | | | |
| 59. | ZYA | The Fletcher Report contains no feature-level comparison of the shape of the projector lights, the shape of the surrounding bezels, the continuity of the perimeter light bar, the seven short vertical elements, or the termination of the three horizontal bars. | Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report Sections VI-VII) (Sept. 6, 2024). | Disputed. Objection: the statement is compound because it asserts five separate report omissions. Fletcher does not separately discuss each listed feature in narrative text, but the report does not contain "no feature-level comparison." Fletcher visually analyzed the patent figures, accused-product images, and same-view three-way charts displaying the claimed | Arex's counter-citation identifies no feature-level comparison of any of the five features. Paragraph 86 announces a "Three-Way test" and paragraphs 99-103 state a conclusion; neither discusses the shape of the projector lights, the shape of the bezels, the continuity of the perimeter band, the seven short vertical elements, or the termination of the three bars, and the Report |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | design, accused product, and prior art. Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report ¶ 86); Joint Exhibit at 444–447 (Ex. 9) (Fletcher Initial Report ¶¶ 99–103). | nowhere uses the words "bezel," "arrow," "square," or "vertical element." Further, the thirteen criteria at paragraphs 87 through 99 are each resolved by the same conclusion paragraph, containing the identical sentence that "only an approximate match would be expected." Joint Exhibit at 429, 431-434, 436-438, 440-442, 445 (Ex. 9). Arex offers no counter-evidence contradicting the fact, so under Standing |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | Order para. 15(b) it is undisputed for purposes of this motion. |
| 60. | ZYA | The Report addresses such differences only collectively, opining that "any small differences in secondary design elements would not hinder the ordinary observer." | Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report ¶ 85) (Sept. 6, 2024). | Undisputed. Paragraph 85 contains the quoted sentence and discusses the identified differences collectively. Fletcher also analyzed all original and modified '634 Patent figures, accused-product images, and prior-art images and performed same-view three-way comparisons. Joint Exhibit at 428, 444–447 (Ex. 9) (Fletcher Initial Report | Undisputed, as Arex concedes. Arex's addition confirms Fact 59: the differences were addressed collectively rather than feature by feature. |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | ¶¶ 86, 99–103). | |
| 61. | ZYA | The Fletcher Report opines that the ordinary observer "would not be able to scrutinize the design from all angles and in as much detail as they would be able to as if they were seeing the vehicle headlight in person or physically holding the vehicle headlight because the Accused Product is only shown in very limited views at point of sale, almost all of which are in a perspective view." | Joint Exhibit at 420 (Ex. 9) (Fletcher Initial Report ¶ 74) (Sept. 6, 2024). | Undisputed. | |
| 62. | ZYA | Fletcher testified that "visual noise" includes, in a photograph, "the background" and "information | Joint Exhibit at 587 (Ex. 14) (Fletcher Dep. Tr. 37:8-38:4) (Sept. 26, 2023). | Undisputed. Fletcher gave the quoted description of "visual noise." His report also | Undisputed, as Arex concedes. That the Report also refers to original |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | that's not relevant," and that he "removed it using software tools" so as to "get a look at the claimed area in both the design patent -- '634 patent, as well as the accused product." | | states that he analyzed the original images as well as the modified images. Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report ¶ 86). | images does not change the testimony: the images on which the three-way comparison was performed are the images from which Fletcher removed what he called "visual noise" using software tools. Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report para. 86). |
| 63. | ZYA | Asked whether removing "visual noise" is a common method or common practice in design patent analysis, Fletcher testified: "I haven't seen every expert's | Joint Exhibit at 588 (Ex. 14) (Fletcher Dep. Tr. 38:5-19) (Sept. 26, 2023). | Undisputed. Arex admits only that Fletcher gave the quoted answer. The testimony does not establish that his use of original and | Undisputed, as Arex concedes. Fact 63 asserts only what the witness said. Arex's added sentence is argument, not |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | report in every design patent case" and "I don't know." | | modified, same-view images was unreliable. Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report ¶ 86). | counter-evidence. |
| 64. | ZYA | Kevin Yu testified that the triple-light bar allows Arex to "differentiate our products to other -- compared to other brands or OEMs, with that iconic symbol," that "where we put the triple-light bars . . . we identified them as AlphaRex items," that it allows Arex to "build, like, a brand recognition," that "it becomes a symbol of our brand," and that "it is very important for us to apply this | Joint Exhibit at 663 (Ex. 15) (Yu Dep. Tr. 53:1-18) (Oct. 5, 2023). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | focal point to our products to establish our brand." | | | |
| 65. | ZYA | Yu testified that when an online purchaser sees "two items that look very similar, and one put a different price for what was cheaper, then there's a high possibility that they will purchase a cheaper light," and that such a purchaser "might not know the difference, but, you know, because of the price, so they will choose to purchase." | Joint Exhibit at 656 (Ex. 15) (Yu Dep. Tr. 46:14-20) (Oct. 5, 2023). | Undisputed. | |
| 66. | ZYA | Yu testified that he does not have "a professional answer" as to design patent law, and that he does not consider himself an expert | Joint Exhibit at 640 (Ex. 15) (Yu Dep. Tr. 30:6-14, 31:11-16) (Oct. 5, 2023). | Undisputed. Yu did not offer himself as an expert in design-patent law. His testimony concerned the | Undisputed, as Arex concedes. ZYA relies on the testimony because Arex designated |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | in design patent law: "I would say no, because I ... didn't go to class for this. I did not have any education on this." | | product, purchaser behavior, and the prominence and brand-recognition role of the triple-bar feature. Joint Exhibit at 663 (Ex. 15) (Yu Dep. Tr. 53:1–18). | Yu to testify about how purchasers perceive the accused and claimed designs -- the precise question on which he disclaimed any professional answer. |
| 67. | ZYA | Arex's expert Eric Noble opines that in online shopping "visual review is very unlikely to go deeper than first read," and that the claimed and accused designs "will be confused by such ordinary observers (and online shoppers) due to the triple bar that is so prominent on first read, and not extant in prior art." | Joint Exhibit at 510, 511 (Ex. 12) (Noble Rebuttal Report ¶¶ 46, 48) (Sept. 20, 2024). | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| 68. | ZYA | Arex's expert Russell D. Slifer states: "None of the prior art references include the triple horizontal led bars located between the two light bulbs that are present in both the '634 Patent and the Accused Product. The closest prior art, the '627 Patent has many of the same features as the '634 Patent and the Accused Product but fails to include the prominent triple horizontal led bars." | Joint Exhibit at 471 (Ex. 10) (Slifer Opening Report ¶ 61) (Sept. 6, 2024). | Undisputed. | |
| 69. | ZYA | Slifer states: "There are small differences between the Accused Product and the '634 Patent that weigh in favor of the a determination | Joint Exhibit at 473 (Ex. 10) (Slifer Opening Report ¶ 66) (Sept. 6, 2024). | Undisputed. Paragraph 66 contains the quoted language. Slifer characterized the identified differences as | Undisputed, as Arex concedes. Arex's additional sentences do not withdraw its expert's words: the |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | that the Accused Product is not substantially the same as the '634 Patent. For example, the inner side lamp of the Accused Product is different from the '634 Patent and outer peripheral light of the Accused Product differs from the '634 Patent . . . . These differences in these features are small but could be important to the eye of the hypothetical ordinary observer." | | small and ultimately opined that the central triple-bar feature is large and prominent, that the accused product is visually closer to the '634 Patent than to the closest prior art, and that the overall appearances are substantially the same. Joint Exhibit at 473–476 (Ex. 10) (Slifer Opening Report ¶¶ 66–73). | differences "weigh in favor of" a determination that the accused product is not substantially the same, and "could be important to the eye of the hypothetical ordinary observer." A party cannot create a genuine dispute by arguing against its own expert's report. |
| 70. | ZYA | Each of Slifer's infringement opinions is prefaced "In my opinion based on my experience, | Joint Exhibit at 472-476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 71-74) (Sept. 6, 2024). | Disputed. Objection: the statement is compound because Arex does not | Arex does not dispute the prefatory language, and its counter-citation does |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | including as Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the USPTO and practice throughout my career" or "In my opinion based on my experience and practice throughout my career." The report identifies no survey, test, measurement, or other method by which those opinions were reached. | | dispute the quoted prefatory language but disputes the separate assertion that Slifer identified no method. Slifer used side-by-side comparison, overall-appearance analysis, prior-art analysis, and a three-way comparison. Joint Exhibit at 463 (Ex. 10) (Slifer Opening Report ¶ 55); Joint Exhibit at 466 (Ex. 10) (Slifer Opening Report ¶ 57); Joint Exhibit at 473 (Ex. 10) (Slifer Opening Report ¶ 65); Joint Exhibit | not contradict the balance of the fact. Paragraph 55 is a side-by-side illustration, paragraph 57 is a visual comparison, paragraph 65 recites a legal standard, and paragraph 69 is a single sentence; none identifies a survey, a test, or a measurement. Joint Exhibit at 463, 466, 473-474 (Ex. 10). Each ultimate opinion -- paragraphs 70, 71, 72 and 73 -- begins "In my opinion based on my experience." Arex offers no counter- |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | at 474 (Ex. 10) (Slifer Opening Report ¶ 69). | evidence contradicting the fact, so under Standing Order para. 15(b) it is undisputed for purposes of this motion. |
| 71. | ZYA | The Slifer Rebuttal Report quotes *Egyptian Goddess* for the proposition that "[w]hen the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." | Joint Exhibit at 486 (Ex. 11) (Slifer Rebuttal Report ¶ 28) (Sept. 20, 2024). | Undisputed. Slifer's Rebuttal Report contains the quoted legal proposition. Objection: the governing legal standard is a conclusion of law for the Court and is not a material fact under Paragraph 15(b) of the Standing Order. | Undisputed, as Arex concedes. ZYA cites the passage as Slifer's own statement of the standard he purported to apply, not as a statement of governing law. |
| 72. | ZYA | The Slifer Rebuttal Report also adopts Fletcher's | Joint Exhibit at 489 (Ex. 11) (Slifer Rebuttal Report ¶ 40, | Undisputed. | |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | opinion that "the ordinary observer would spend less than a minute examining the vehicle headlight embodying the patented design with little to no scrutiny," and faults Gandy for focusing on "several secondary design characteristics which would require the ordinary observer to spend more time than a purchaser usually gives." | quoting Fletcher Initial Report ¶ 77) (Sept. 20, 2024); Joint Exhibit at 490 (Ex. 11) (Slifer Rebuttal Report ¶ 42) (Sept. 20, 2024). | | |
| 73. | ZYA | Slifer's Rebuttal Report states both that he is "qualified to address the infringement of the '634 Patent" and that "the USPTO does not provide examiners with any training | Joint Exhibit at 482, 484 (Ex. 11) (Slifer Rebuttal Report ¶¶ 11, 22) (Sept. 20, 2024). | Undisputed. Arex admits only that the report contains the two quoted statements. Arex objects that their juxtaposition is compound and | Undisputed, as Arex concedes. Fact 73 asserts only that the Report contains both statements, which Arex admits. Whether they |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | regarding analyzing issues of infringement." | | argumentative because the statements concern different subjects; Arex does not admit that they are inconsistent. Joint Exhibit at 482 (Ex. 11) (Slifer Rebuttal Report ¶ 11); Joint Exhibit at 484 (Ex. 11) (Slifer Rebuttal Report ¶ 22). | can stand together is argued in the memorandum. |
| 74. | Arex | Fletcher examined a physical sample of the accused product and considered how the claimed and accused designs appear during normal use. | Joint Exhibit at 405, 420 (Ex. 9) (Fletcher Initial Report ¶¶ 35, 75–78). | Undisputed. ZYA proffers the same fact at Fact 58. Compound and Immaterial as offered: the Report does not analyze the shape of the projector lights, the shape of the bezels, the | ZYA admits Fact 74. The cited paragraph states the linked proposition that Fletcher examined a physical sample to aid his analysis of how the patented and accused |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | continuity of the perimeter light bar, the square terminals, or the seven short vertical elements, and nowhere uses the words "bezel," "arrow," "square," or "vertical element." See Facts 59-60. | designs would be viewed during normal use. Any overlap with Fact 58 does not contradict Fact 74, and ZYA's comments concerning other design features do not address the materials and viewing conditions Fletcher considered. Joint Exhibit at 420 (Ex. 9) (Fletcher Initial Report ¶ 75). |
| 75. | Arex | Fletcher analyzed all original and modified '634 Patent figures, accused-product images, and prior-art images and used same- | Joint Exhibit at 428, 444–445 (Ex. 9) (Fletcher Initial Report ¶¶ 86, 99–100). | Disputed. (1) The statement is compound: it combines what Fletcher reviewed with the method he says he used. (2) ZYA has | (1) Paragraph 86 describes the image sets Fletcher reviewed and the three-way test as parts of the same visual |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | view three-way comparison charts. | | no knowledge of what images Fletcher in fact reviewed, and the Report does not identify what was removed from any particular image. (3) The "modified" images are the images from which Fletcher removed what he called "visual noise" using software tools, and he could not identify that practice as a common method in design-patent analysis. Joint Exhibit at 587-588 (Ex. 14) (Fletcher Dep. Tr. 37:8-38:19); | analysis. Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report ¶ 86).<br><br>(2) ZYA cites no evidence that Fletcher did not analyze the images identified in paragraph 86. Whether the Report itemizes what was removed from each modified image does not contradict Fact 75, which makes no assertion about what was removed. Joint Exhibit at 428 (Ex. 9) (Fletcher Initial Report ¶ 86).<br><br>(3) The cited testimony |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | see Facts 62-63. | does not contradict Fact 75. Fletcher explained that he removed patent dash lines and irrelevant photographic background with software to compare the claimed area with the accused product, and that he found the method useful for an "apples to apples" comparison. Joint Exhibit at 587–588 (Ex. 14) (Fletcher Dep. Tr. 37:11–38:13). His inability to say whether the method was commonly used does not contradict the |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | analysis stated in his Report. Joint Exhibit at 588 (Ex. 14) (Fletcher Dep. Tr. 38:14–19); Joint Exhibit at 428, 444–445 (Ex. 9) (Fletcher Initial Report ¶¶ 86, 99–100). |
| 76. | Arex | Fletcher concluded that the accused product is visually closer to the '634 Patent design than to the closest prior art and that its overall appearance is substantially the same to an ordinary observer familiar with the prior art. | Joint Exhibit at 444–447 (Ex. 9) (Fletcher Initial Report ¶¶ 99, 102–103). | Disputed. (1) The statement is compound: it combines an ultimate conclusion with an asserted evidentiary basis. (2) ZYA admits only that the Report states that conclusion, and disputes that the conclusion follows from | (1) Fact 76 states two conclusions Fletcher reached; it does not combine a conclusion with a separate evidentiary basis. Joint Exhibit at 444–447 (Ex. 9) (Fletcher Initial Report ¶¶ 99, 102–103). |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | any analysis in the Report: the thirteen criteria at paragraphs 87 through 99 are each resolved by the same conclusion paragraph, containing the identical sentence that "only an approximate match would be expected." Joint Exhibit at 429, 431-434, 436-438, 440-442, 445 (Ex. 9). (3) The conclusion rests on the premise that the ordinary observer sees only "very limited views at point of sale, almost all of which are in a perspective | (2) ZYA admits that the Report states those conclusions. Its criticism of Fletcher's analysis does not contradict that he reached them. Joint Exhibit at 444–447 (Ex. 9) (Fletcher Initial Report ¶¶ 99, 102–103).<br><br>(3) Paragraph 74 addresses point-of-sale views but does not identify them as the sole basis for Fletcher's conclusions. Paragraph 103 states that Fletcher applied "all the principles outlined in this report" |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | view." Joint Exhibit at 420 (Ex. 9) (Fletcher Initial Report para. 74). | and visually analyzed the original and modified patent figures, accused-product images, prior-art images, and a physical sample. Joint Exhibit at 420, 446–447 (Ex. 9) (Fletcher Initial Report ¶¶ 74, 103). |
| 77. | Arex | Slifer compared the '634 Patent figures and accused-product images side by side and reported that they share the same overall arrangement of two projector lights, a peripheral light band, and three horizontal bars in the center. | Joint Exhibit at 463–466, 471 (Ex. 10) (Slifer Opening Report ¶¶ 55–57, 60-61) | Disputed. (1) Undisputed only as quoted from what Slifer stated in his report; ZYA does not admit that the designs share the described arrangement. (2) The statement is compound: it combines | (1) Fact 77 states what Slifer compared and reported; ZYA admits that limited proposition. Paragraph 55 presents the '634 Patent figures and accused-product images side by side, and |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | what Slifer did with what he reported. (3) The same section of the Report states that the prior art shares those same elements -- two light bulbs "generally vertically one over the other," peripheral shapes "generally either rectangular, C-shaped or reverse C-shaped," and, in some references, "a continuous light bar wrapping around the outer perimeter of the headlight." Joint Exhibit at 471 (Ex. | paragraph 57 reports the same shape, two light bulbs in the same areas, a peripheral light band, and three LED bars in the middle. Paragraph 60 uses "projector lights" as another term for "light bulbs," and paragraph 61 describes the bars as horizontal. Joint Exhibit at 463, 466, 471 (Ex. 10) (Slifer Opening Report ¶¶ 55, 57, 60–61).<br><br>(2) The two clauses describe the same comparison: paragraph 55 |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | 10) (Slifer Opening Report para. 60). | presents the side-by-side images, and paragraph 57 reports the result. Joint Exhibit at 463, 466 (Ex. 10) (Slifer Opening Report ¶¶ 55, 57).<br><br>(3) Paragraph 60's general prior-art similarities do not contradict paragraph 57's description of the '634 Patent and accused product. Paragraph 61 expressly states that none of the cited prior-art references contains the triple horizontal LED bars |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | present in both. Joint Exhibit at 466, 471 (Ex. 10) (Slifer Opening Report ¶¶ 57, 60–61). |
| 78. | Arex | Slifer performed a three-way visual comparison of the '634 Patent design, the accused product, and the closest prior art. | Joint Exhibit at 473–475 (Ex. 10) (Slifer Opening Report ¶¶ 65, 69). | Disputed. (1) Undisputed only as quoted from what Slifer stated in his report; ZYA does not admit that a three-way comparison was in fact performed. (2) Paragraph 69 consists of a single sentence and contains no analysis, and each of paragraphs 70, 71 and 72 rests expressly on "my experience and practice | (1) Paragraph 69 states that a three-way visual comparison shows the accused product is visually closer to the claimed design than to the closest prior art, and the following page displays the '634 Patent, accused product, and '627 Patent together. ZYA's cited pages are the comparison itself and do not contradict |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | throughout my career." Joint Exhibit at 474-475 (Ex. 10). | that the Report presents it. Joint Exhibit at 474–475 (Ex. 10) (Slifer Opening Report ¶ 69 and accompanying comparison).<br><br>(2) The length of paragraph 69 and Slifer's stated basis for his later opinions do not contradict the three-way comparison presented in the Report. Joint Exhibit at 474–475 (Ex. 10) (Slifer Opening Report ¶¶ 69–72). |
| 79. | Arex | Slifer characterized the | Joint Exhibit at 473–475 (Ex. | Disputed. (1) The statement | (1) The two clauses |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | identified inner-side-lamp and outer-peripheral-light differences as small and opined that the triple horizontal-bar feature is large, centrally located, and likely to draw the ordinary observer's attention. | 10) (Slifer Opening Report ¶¶ 66–67, 70). | is compound: it combines a characterization of the differences with an opinion about the triple-bar feature. (2) Undisputed only as quoted from what Slifer stated in his report. (3) The same paragraph states that the differences "weigh in favor of the[] determination that the Accused Product is not substantially the same as the '634 Patent" and "could be important to the eye of the hypothetical ordinary observer." Joint Exhibit | summarize separately pinned statements and opinions within Slifer's comparison. Joint Exhibit at 473–475 (Ex. 10) (Slifer Opening Report ¶¶ 66–67, 70).<br><br>(2) Fact 79 states what Slifer characterized and opined; it does not ask ZYA to accept those opinions as true. Paragraph 66 characterizes the identified differences as small, while paragraphs 67 and 70 state his opinion concerning the triple-bar |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | at 473 (Ex. 10) (Slifer Opening Report para. 66). | feature. Joint Exhibit at 473–475 (Ex. 10) (Slifer Opening Report ¶¶ 66–67, 70).<br><br>(3) Paragraph 66 twice characterizes the identified differences as "small." Its additional statements that those differences weigh against substantial sameness and could be important do not contradict that characterization. Paragraphs 67 and 70 support Slifer's stated opinion regarding the size, location, and prominence |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | of the triple-bar feature. Joint Exhibit at 473–475 (Ex. 10) (Slifer Opening Report ¶¶ 66–67, 70). |
| 80. | Arex | Slifer concluded that the accused product is visually closer to the '634 Patent design than to the closest prior art and that the overall appearances are substantially the same to an ordinary observer familiar with the prior art. | Joint Exhibit at 472, 474–476 (Ex. 10) (Slifer Opening Report ¶¶ 62, 69, 71–73). | Disputed. (1) Undisputed only as quoted from the conclusion stated in the report. (2) The Report reaches that conclusion under a framework it states as "a balance between how an accused product differs from the patented design and what prominent patented feature(s) it copied from | (1) Fact 80 states only the conclusions expressed in Slifer's Report, which ZYA admits the Report contains. Paragraph 72 states that the accused product is visually closer to the claimed design than to the closest prior art and that their overall appearances are substantially |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | the patented design that are not in the prior art," and states that the feature "was copied." Joint Exhibit at 473-474 (Ex. 10) (Slifer Opening Report paras. 65, 68). (3) Each ultimate opinion is prefaced "In my opinion based on my experience." Joint Exhibit at 475 (Ex. 10) (paras. 70-73). | the same; paragraph 73 states substantial sameness to an ordinary observer familiar with the prior art. Joint Exhibit at 475–476 (Ex. 10) (Slifer Opening Report ¶¶ 72–73).<br><br>(2) Paragraph 65's comparison framework and paragraph 68's copied-feature statement do not contradict the conclusions stated in paragraphs 69 and 72–73. Joint Exhibit at 473–476 (Ex. 10) (Slifer |

| No. | Proponent | Statement of Fact | Supporting Evidence | Opponent's Response | Proponent's Reply |
|---|---|---|---|---|---|
| | | | | | Opening Report ¶¶ 65, 68–69, 72–73).<br><br>(3) The phrase "based on my experience" identifies Slifer's stated basis for his opinions; it does not contradict that he expressed the conclusions summarized in Fact 80. Joint Exhibit at 475–476 (Ex. 10) (Slifer Opening Report ¶¶ 70–73). |

Date: August 27, 2026

/s/ Jie Li

Jie Li, Esq.
Jie.li@glacier.law
Glacier Law LLP
***Attorney for Plaintiff***